LEONARD BENANTI, RESPONDENT, v. SECURITY INSURANCE COMPANY, APPELLANT.*

Kansas City Court of Appeals. June 11, 1928.

*Corpus Juris-Cyc References. Appeal and Error, 3CJ, section 1587, p. 1410, n. 42; 4CJ, section 1962, p. 333, n. 64; section 2101, p. 412, n. 44; Insurance, 32CJ, section 145, p. 1067, n. 40; section 631, p. 1351, n. 47; Reformation of Instruments, 34Cyc, p. 988, n. 37.

*Frank Benanli, Harry L. Jacobs* and *Julius C. Shapiro* for respondent.

*Crow & Newman* for appellant.

FRANK, C.—This is a suit on a policy of theft insurance. There was a verdict and judgment in favor of plaintiff in the sum of $2198.88 and the further sum of $219.88 as penalty for vexatious refusal to pay. Defendant has appealed.

On May 25, 1925, we rendered an opinion in this cause affirming the judgment on the trial court. Later a motion for rehearing was sustained. On February 1, 1926, we again affirmed the judgment of the lower court. Motion for rehearing was denied and the case went to the Supreme Court on a writ of *certiorari.* On December 31, 1927, that court in an opinion reported in 300 S. W. at page 812, quashed the judgment of this court, and the case is again before us for determination.

On March 30, 1925 respondent filed in this court his motion to dismiss the appeal. (1) Because appellant's abstract of the record does not contain all of the evidence and (2) because appellant failed to make a clear and concise statement of the facts as required by section 1511, Revised Statutes of Missouri 1919, and the rules of this court. On the same day the motion to dismiss was filed respondent filed an additional abstract of the record. On September 1, 1925, after motion for rehearing was sustained appellant filed an additional abstract of the record. The rule that appellant may not file an additional abstract after his attention has been called to the defects in the original abstract, by motion to dismiss the appeal has no application where a rehearing has been granted. After rehearing appellant may file an amended abstract, correcting errors and supplying omissions in the original abstract, on the theory that the case stands as

if there never had been any former hearing. [Starr v. Penfield, 205 S. W. 540.]

We have examined and carefully compared the original abstract with the two amended abstracts filed and find that the defects in the original abstract complained of in respondent's motion to dismiss the appeal have been supplied by the two amended abstracts filed. In our former opinion in this case we held that plaintiff's statement came very near failing to comply with section 1511, Revised Statutes of Missouri 1919, and our Rule 16. While the statement is not what it should be, it is not so deficient as to justify us in dismissing the appeal. The motion to dismiss the appeal is therefore overruled.

The facts show that on the 26th day of October, 1920, defendant issued to plaintiff under the name of *Antonio* Benanti a policy of theft insurance upon plaintiff's automobile in the sum of $2400; that on the 14th day of March, 1921, the automobile so insured was stolen from plaintiff. The petition is in two counts. The first count seeks to have the policy reformed on the ground that by mutual mistake of the parties the policy was written in the name of *Antonio* Benanti instead of *Leonard* Benanti; the second count is a suit at law to recover for the loss upon the policy as reformed.

The first count states that the agent of the defendant was directed to issue the policy in the name of Leonard Benanti but through error in its issuance the name of the insured was written as Antonio Benanti, 629 East 6th street, Kansas City, Missouri, when it was the intention of the parties that Leonard Benanti, owner of said car, residing at said address be made the insured in the policy and that the policy was issued in the name of Antonio Benanti through a mistake of the scrivener who drew the same.

It is first insisted that the court erred in reforming the policy. The agent who solicited the policy was not present and upon the filing of an application for a continuance by plaintiff, defendant admitted that the witness would testify to all the material matters set forth in the application. The evidence contained in the application for continuance shows that W. J. Medes was a soliciting agent for Long & Stowell, general agents of the defendant company; that Medes solicited the insurance upon the automobile owned by plaintiff Leonard Benanti; that through an inadvertence, error or mistake of the defendant, said policy was written in the name of Antonio Benanti instead of Leonard Benanti; that the bill for the policy was sent to "L. Benanti" and the premiums paid by him; that there was no Antonio Benanti in the family of Leonard Benanti and that "said defendant company and other companies in insurance policies solicited by said W. J. Medes for and on behalf and placed by and through Long & Stowell, general agents of defendant company, were issued to L. or Leonard Benanti, and Antonine Benanti, his wife; that

it was intended that said policy in the instant case and upon which this suit is based, should be written in the name of Leonard Benanti, and that the said W. J. Medes was instructed to issue said policy in the name of the said Leonard Benanti or Leonardo Benanti, the latter name being the Italian pronunciation and spelling and as styled in the English language Leonard Benanti.'' That Leonard Benanti in ordering the policy stated to Medes that he wanted a policy of insurance upon his car in the sum of $2400 and specifically stated that he, Leonard Benanti, was the owner and—

''. . . that said policy as written by said defendant insurance company was written stating the name of the insured as Antonio Benanti by mistake, error or inadvertence of said defendant's agents, Long & Stowell, of said defendant company in the issuance of said policy, and that the policy should state as the insured therein the name of Leonard Benanti.''

It is insisted that Medes was merely an insurance broker, but the evidence shows that he was defendant's agent. The broker, Medes, held himself out as a general agent for the insurance company in soliciting the business of plaintiff who had no knowledge to the contrary. Plaintiff dealt with him as a general insurance agent and the policy was delivered by Medes to plaintiff. Plaintiff paid Medes the insurance premium and the latter deducted his commission from the premium collected and turned the balance over to defendant's general agents. Plaintiff made no representations to the company, the policy being written upon information which Medes personally procured and furnished to defendant. Medes customarily solicited for, and exchanged risks with, defendant's general agents and placed his name on the back of the policies and delivered them. He was the agent of the insurer. [Farber v. Amer. Automobile Ins. Co., 177 S. W. 675, 678; Lehmann v. Fire Ins. Co., 183 Mo. App. 696; Carroll v. Union Marine Ins. Co., 249 S. W. 691.]

The evidence shows that plaintiff was an Italian and unable to speak the English language with fluency; that when he made his proofs of loss defendant's agent knew his real name but told him that as long as the policy was issued in the name of Antonio Benanti to sign the proofs of loss in that name; that it would make no difference. In the first petition filed in the suit *Antonio* Benanti was named plaintiff; this was on account of the fact that his attorney had never seen the plaintiff and assumed from reading the policy that Antonio Benanti was his real name. The mistake was discovered and the petition was amended and the court asked to reform the policy so as to state the real name of plaintiff.

It is insisted that the petition alleges that the mistake was made by the scrivener and that Mr. Long, of the firm of Long & Stowell, testified that he instructed the scrivener, who was a clerk in his office, to

write the policy as it was written, so there was no mutual mistake. No attack was made on the petition and there was ample pleading of mutual mistake aside from the allegation concerning the scrivener. There is nothing in this contention. [Wolz v. Venard, 253 Mo. 67, 83, 84.] The evidence shows the mistake was mutual. [New York Life Ins. Co. v. Gilbert, 256 S. W. 148.] There was no laches pleaded. [Coleman v. Ins. Co., 273 Mo. 620.]

However, in no event could we reverse the case on account of the reformation of the policy for the reason that if there was any error committed in the matter, it was immaterial as plaintiff was entitled to amend his petition so as to sue in his real name without having the policy reformed. There is no mistaken identity in the case. The policy recited that the insurance was written in favor of Antonio Benanti, residence 629 East 6th street. The evidence shows as a matter of fact that there was no Antonio Benanti; that Leonard Benanti lived at that address, owned the car in question, and was the one whose car was insured. "A name is a means of identity and a change of the name or the application of a wrong name does not change the thing identified." "It is not the name that is involved but the person who is using the name." [Green v. Strother, 201 Mo. App. 418, 421; Reitherman v. Wheeler, 247 S. W. 222, 224; Forsee v. Garrison, 208 Mo. App. 408. 412.] There is no question but that plaintiff could have amended his petition and gone ahead with the case and recovered in his true name. [See Caldwell v. City of New York Ins. Co. 245 S. W. 602, 604.]

Under the second count there are three assignments of error but only two matters are developed in the brief. These consist of objections to plaintiff's instructions C and D, so we are confined to the objections to these two instructions. [State v. Whitsett, 232 Mo. 511, 529. 530.] It is true some other errors are mentioned in the statement of facts under the second count. However, this is no place for assignments of error or points to be made. Plaintiff's instruction C is on the question of alleged false statements made by the insured in the procurement of the policy but if the instruction was erroneous, it was harmless. The defendant is estopped from claiming that the policy was void *ab initio* for the reason that it did not tender the premiums collected under the policy until in the midst of the trial (even if then), which was nearly three years after denial of liability. [Carroll v. Marine Ins. Co., supra. l. c. 692; Leer v. Continental Ins. Co., 250 S. W. 631. 632; Pauley v. Business Men's Assurance Co., 261 S. W. 340. 343; Caldwell v. Ins. Co., supra.] There is no excuse for failure to tender premiums sooner on the ground that the policy purported to insure *Antonio* Benanti. Defendant was fully aware of the mistake in the name and knew who was the real owner of the car insured.

Complaint is made of plaintiff's instruction D. This instruction told the jury that if defendant after the theft advised plaintiff—

". . . that his automobile had been recovered, and was at Junction City, Kansas, and that said automobile would be delivered to him, if you so find, upon payment of garage charges and a reward of $100, if you so find, then you are instructed that no duty devolved upon plaintiff, if you so find, to accept said automobile or to take any steps to secure possession of the same, and that such tender, if any, is no defense to an action upon said policy. Or, you are instructed, if you further find and believe from the evidence, that defendant tendered said automobile to plaintiff here in Kansas City, and that said tender, if any, was more than sixty days after said proofs of loss, if any, if you so find, had been furnished to defendant, then such tender is no defense to an action upon said policy for the theft of said automobile and your verdict must be for the plaintiff."

When this case was before the Supreme Court on *certiorari,* that court held that instruction "D" was erroneous because in conflict with plaintiff's instruction "E" and for that reason quashed our judgment. It is our duty to follow the mandate of the Supreme Court, and hold instruction "D" erroneous. We will, therefore, not set out instruction "E" or discuss the question of its conflict with instruction "D," but refer the curious to the opinion of the Supreme Court, reported in 300 S. W. at page 812, where that question is fully discussed and determined. In obedience to the mandate of the Supreme Court, we hold instruction "D" erroneous because in conflict with instruction "E."

On account of the error committed by the court in the giving of plaintiff's instruction "D" in the trial of the second count, the judgment of the trial court is reversed, and the cause thereupon remanded for new trial. *Williams, C.,* concurs.

PER CURIAM:—The foregoing opinion by FRANK, C., is hereby adopted as the opinion of the court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.