THE STATE EX REL. NORTHWESTERN NATIONAL INSURANCE COMPANY v. FRANCIS H. TRIMBLE ET AL., Judges of Kansas City Court of Appeals.—20 S. W. (2d) 46.

Division One, July 30, 1929.

*John H. Newman* and *C. C. Crow* for relator.

460

*Ashley & Gilbert* for respondents.

SEDDON, C.—This is an original proceeding in certiorari, commenced in this court, wherein the relator, Northwestern National In-

surance Company, seeks the quashal of the record (that is, the opinion and judgment) of the Kansas City Court of Appeals in a certain cause, lately pending on appeal in said Court of Appeals, and ruled adversely to relator by said court, entitled, Mrs. E. C. Luthy, plaintiff and respondent, v. Northwestern National Insurance Company of Milwaukee, Wisconsin, defendant and appellant. The ground of relator's application for our writ of certiorari herein is that the opinion and ruling of the Kansas City Court of Appeals in said cause is in conflict with controlling rulings of this court upon the subject ruled by said Court of Appeals.

The opinion of respondents, under review herein, thus states the nature of the cause pending before the Court of Appeals on appeal, the evidentiary facts therein, and the principal question of law decided by said Court of Appeals:

''This is a suit on a fire insurance policy. There was a verdict and judgment in favor of plaintiff in the sum of $850.85, together with $77 penalty, and $250 attorney's fee for vexatious refusal to pay. Defendant has appealed.

''The facts show that defendant issued a fire insurance policy to plaintiff on January 23, 1923, in the sum of $1000, and insuring against fire, for a period of three years, her household goods and kitchen furniture while contained in the premises known as 18 West Fortieth Way, in Kansas City, Missouri. The facts further show that the property was removed from the premises where it was insured to the Monarch Storage Company in said city in the month of September, 1923; that while in the storage house a fire occurred on December 19, 1924, totally destroying the property. Defendant refused to pay the loss, resulting in this suit.

''The defense to the policy was that the property had been removed from the place where it was insured, defendant pleading a clause of the policy providing that, should the property be removed without the written consent of the defendant, the 'policy shall be void.' Plaintiff, over the objection of defendant, introduced evidence tending to show that shortly before and after the furniture was removed she and her son, on her behalf, notified Bunce Lacaff, who plaintiff contends was such an agent of the defendant as to bind the defendant by the receipt of such notice, that the property was being moved and had been moved to the storage house. This controversy ranges over the question as to whether Lacaff was an agent of the character claimed by the plaintiff, or was, in fact, any agent of the defendant at the time of his receipt of the notice of removal, or at any time.''

The opinion of respondents then sets out a recital and statement of the evidence bearing upon the relation existing between the defendant insurance company and the said Bunce Lacaff, at and prior to

the time the policy of insurance was issued and delivered to the plaintiff, Mrs. Luthy. After which recital and statement of the evidence, the opinion of respondents thus announces the conclusion of law reached by respondents upon the contested question of Lacaff's authority, as an authorized agent of the insurance company, to receive notice of the removal of the property insured under the policy of insurance issued to Mrs. Luthy:

"However, it is substantially conceded that Lacaff was merely a broker, and the question submitted to us is whether, being a broker, did he in this instance, by reason of the peculiar circumstances of the case, become the agent of the defendant for the purpose of receiving notice of the removal of the property. Of course, if defendant received information, through a duly authorized agent, of the removal of the property and failed to cancel the policy and return the unearned premium, its consent to the removal will be presumed. [26 C. J. 228.] Lacaff did not notify defendant, or Van Horn & Ternan, its local agents, of the removal, and the policy was not canceled or the premium returned.

"Defendant insists that under the undisputed facts its demurrer to the evidence should have been sustained. . . .

"It is unnecessary for us to discuss the question of whether there is sufficient evidence tending to show that plaintiff did not regard or treat Lacaff as her agent; but, assuming that there is such evidence, there is no question but that he, Lacaff, was the agent of the defendant for the purpose of delivering the policy and collecting the premium thereon. [Farber v. Amer. Ins. Co., 191 Mo. App. 307, 323, 324.] However, we fail to find any facts in the record showing that Lacaff was the agent of defendant for any other purpose than this, even if it could be said that the facts show that he was the agent for this purpose. We think, unquestionably, that he was not such an agent of defendant as to have authority to receive notice, several months after the policy was delivered, of the removal of the property. [Pringle v. Ins. Co., supra; Park v. Ins. Co., 279 S. W. 246, 249; Edward v. Ins. Co., 100 Mo. App. 695, 709; Smith v. Ins. Co., 188 Mo. App. 297; 9 C. J. 515.]"

It is needless to say that relator does not question herein the correctness of the ruling and conclusion of law reached by respondents touching the contested question of Lacaff's authority to receive notice of the removal of the insured property, on behalf of the relator, Northwestern National Insurance Company. But, after reaching and announcing such conclusion of law, which is favorable to the relator, the respondents furthermore announced in the opinion another conclusion of law, which is set forth in the closing paragraph of respondents' opinion, as follows:

"However, it is claimed by plaintiff that the failure of the defendant after the fire to tender the unearned premium to plaintiff estops defendant from claiming that the removal of the property voided the policy. This contention is well taken. [Malo v. Ins. Co., 282 S. W. 78; Block v. U. S. Fidelity & Guaranty Co., 290 S. W. 429, 436.] Defendant, as a part of its defense, should have shown that, after its duly authorized agents learned of the removal of the goods, which evidently was not until after the fire, it made timely tender of the unearned premium and had kept such a tender good. It has no right to insist upon a forfeiture without having pursued this course. [Pauley v. Business Men's Assurance Co., 217 Mo. App. 302, 311; Leer v. Ins. Co., 250 S. W. 631, 632.] As a condition precedent to the availing itself of the defense of forfeiture in this case, the company should have restored, or offered to restore, the unearned premium. The failure to make this tender was also sufficient to sustain the action of the jury in inflicting the penalty and attorney's fee. [Malo v. Ins. Co., supra; Pauley v. Bus. Men's Assur. Co., supra; Vaught v. Ins. Co., 277 S. W. 939.] The judgment is affirmed."

It is the latter ruling and conclusion of law which relator claims is in contravention with controlling rulings of this court upon the subject.

This being an original proceeding in certiorari, commenced in this court, under, and by virtue of, Section 8 of the amendment of 1884 to Article VI of the Constitution of Missouri, which section of the Constitution confers upon this court "superintending control over the Courts of Appeals by certiorari," in order that there may be uniformity and harmony in the case law of this State as announced and declared by the Supreme Court and by the several Courts of Appeals, it follows (from our established practice, and from our interpretation of the meaning, purpose and intent of said constitutional mandate, as has been repeatedly announced by this court in such certiorari proceedings) that the single question which this court may determine in such a proceeding is whether the ruling of a Court of Appeals, under review in such proceeding, clearly contravenes a previous and controlling opinion of this court which announces some general principle of law upon the subject ruled by said Court of Appeals, or clearly contravenes some previous and controlling opinion of this court which has been ruled upon the same, or a similar, state of facts. [State ex rel. v. Reynolds, 287 Mo. 169; State ex rel. v. Reynolds, 289 Mo. 506; State ex rel. v. Allen, 294 Mo. 214; State ex rel. v. Trimble, 250 S. W. 384.] It follows, therefore, that unless the ruling of respondents under review in this proceeding clearly conflicts, in the aforementioned respects, with some previous and controlling ruling and opinion of this court, this court has no right or authority, under the constitutional mandate aforesaid, to interfere

with, or to supervise, the findings of fact and conclusions of law announced by the respondents in their opinion under review herein; this, for the reason that, under the Constitution and laws of this State, each of the several Courts of Appeals is a court of final and last resort, when acting within its prescribed jurisdiction, and its rulings, decisions and judgments, whether they be right or wrong, are final and conclusive, when sought to be reviewed in this court by certiorari, except only in those cases wherein it clearly appears that such a Court of Appeals has announced some general principle of law contrary to the last previous announcement of this court upon the subject, or wherein, on a given state of facts, such a Court of Appeals has announced and applied a conclusion of law or equity contrary to a conclusion announced and applied by this court upon the same, or a similar, state of facts. [State ex rel. v. Reynolds, 214 S. W. 121, 122; State ex rel. v. Allen, 256 S. W. 1049, 1052; State ex rel. v. Allen, 267 S. W. 843, 844; State ex rel. v. Daues, 288 S. W. 14, 15; State ex rel. v. Trimble, 290 S. W. 115, 117.]

Relator claims that the ruling and conclusion of law announced and applied in the closing paragraph of respondents' opinion, hereinabove quoted, contravenes the controlling rulings of this court, as announced in Doerr v. National Fire Insurance Co., 315 Mo. 266, and Schwab v. Brotherhood of American Yeomen, 305 Mo. 148. A study and analysis of the opinions of this court in the Doerr and Schwab cases, however, discloses that our rulings in those cases were predicated upon a state of facts bearing no similarity to the facts upon which the ruling of the respondents herein is predicated.

In the Doerr case, supra, plaintiff's automobile was insured against theft under a policy of insurance, issued by the defendant, wherein it was provided, and was warranted by the insured, that, in consideration of a reduction of fifteen per cent in the usual and customary premium charged for such insurance, the insured (plaintiff) would at all times maintain on the automobile a certain prescribed locking device and that the insured would not leave the insured automobile without locking the prescribed device; otherwise, the policy of insurance should be null and void so far as the theft of the automobile was concerned. The policy of insurance furthermore provided that, in case of loss by theft of the automobile, the amount of the insurance was to be payable to the insured and to the holder of a chattel mortgage upon the automobile, as their respective interests might appear. The insurer paid and satisfied the interest of the mortgagee, which seemingly amounted to some $600 or $700, but denied liability to the insured for the balance of the insurance, because of the insured's failure to keep the locking device securely locked, in accordance with his warranty and the requirements of the policy of insurance. It was held, in view of the fact

that the insurer had satisfied the interest of the mortgagee under the terms of the policy, by payment of the mortgagee's loss, and in further view of the fact that the policy of insurance was issued for a reduced premium, based upon the warranty of the insured to maintain and to keep the locking device securely locked when leaving the automobile, that the defendant insurer was not required to tender or refund the unearned premium. In the present case, the opinion of respondents does not disclose that the premium charged by relator, and paid by Mrs. Luthy, was less than that ordinarily required and charged, by reason of the insured property being kept at the particular place or location mentioned in the policy, or that a higher premium would have been required of Mrs. Luthy, and would have been charged by relator, had the policy of insurance covered the insured property while in the storage warehouse of the Monarch Storage Company. Nor does it appear from respondents' opinion herein that the policy of insurance provided for a payment of any part of the loss to a mortgagee of the insured property, or that the relator has paid and satisfied the interest and loss of such mortgagee.

The opinion of this court in the Schwab case, supra, discloses that the policy of insurance was issued by the defendant, a fraternal benefit insurance society, upon a false and fraudulent misrepresentation, made by the insured in her written application for such policy of insurance, upon the discovery of which fraud of the insured, which was brought to light by reason of a claim of loss made to the insurer by the insured, the insurer promptly wrote a letter to the insured, denying liability under the policy and offering to refund and return to the insured the monthly dues, or installments of the premium, which the insured had paid; and at the same time the insurer wrote to its local agent or correspondent, directing him to refund to the insured the monthly installments of premium which she had paid. The insured refused the tender of the monthly installments of premium paid, but, thereafter, the insured paid to the local correspondent of the defendant insurer another monthly installment of premium, amounting to eighty-five cents, knowledge of which latter payment of premium did not come to the principal office of defendant until after the plaintiff (insured) had commenced the suit at bar to recover upon the policy of insurance. In its answer filed in such suit, however, the defendant tendered to plaintiff the eighty-five cents so paid by her. In an opinion, holding that such facts and circumstances did not make out a case of implied waiver on the part of the defendant insurer, RAGLAND, J., speaking for this Division of our court, thus makes clear the reason for our ruling and conclusion in the Schwab case (l. c. 155): "As pointed out in the statement and analysis of facts from which we have quoted, the only circumstance upon which a waiver can be predicated in

this case is the failure of defendant to offer to return the premium (amounting to eighty-five cents) paid November 30th. Defendant could not have offered to return such premium before the suit was filed, because not received in time for it to have done so. It did make such offer on its first appearance to the suit. At the time the eighty-five cents came into its hands it had theretofore, in the most positive terms, denied all liability under the certificate (or policy of insurance), because of plaintiff's false representations in its procurement; it had made a formal tender to her of the premiums paid under it; and the tender had been rejected. It is difficult to discover anything in the situation that called for a re-assertion by defendant of its right to a forfeiture, or that made it incumbent upon it to make a new tender which it had every reason to believe would be refused. However, it did shortly afterward instruct its local correspondent to accept no more dues from plaintiff, and that instruction was followed. Defendant therefore impliedly reiterated its insistence of forfeiture up to the very moment of filing its answer in the suit, in which it again expressly asserted the right.''

It is clearly apparent that the Doerr and Schwab cases, supra, were ruled by this court upon the peculiar facts and circumstances involved in those respective cases, which facts and circumstances bear. no similarity or resemblance to the facts and circumstances involved in the case now under review, upon which the opinion of respondents herein is predicated. Unlike the Schwab case, the relator (according to the recitals and findings of fact in respondents' opinion herein) has not tendered, or offered to refund, to Mrs. Luthy, the insured, the unearned premium paid by her for the policy of insurance upon her household goods. Neither does the respondents' opinion herein disclose that Mrs. Luthy procured the policy of insurance through any fraudulent misrepresentation, concealment or warranty on her part. [See State ex rel. v. Daues (Mo. Sup.), 292 S. W. 58.]

In Block v. Fidelity & Guaranty Co., 316 Mo. 278, which case was ruled by this court, en banc, after the Doerr and Schwab cases had been ruled by this Division of this court, the defendant insurance company denied liability under a policy or contract of insurance, by the terms of which the defendant agreed to indemnify the insured (plaintiff) against loss by reason of the felonious taking of merchandise from the premises described and mentioned in the policy of insurance. The insured removed the merchandise from the premises described and mentioned in the policy to another and different location, from which latter location and premises the merchandise was feloniously taken, during the life or term of the policy of insurance. The defendant insurer denied liability for the loss, claiming that notice of the removal of the merchandise had not been given by the insured to defendant, or to its authorized agent, and that the de-

fendant had not given its consent, in writing, to such removal of the insured merchandise. The policy term, or period of insurance, had several months to run at the time of the loss, but the defendant made no tender of the unearned premium to the insured plaintiff. We therein ruled that the defendant insurance company, by retention of the unearned premium, had waived a forfeiture of the policy, saying in our opinion in such case (1. c. 296): "Regardless of the time when respondent first learned of the removal of the merchandise to the location where the burglaries occurred, it has never cancelled the policy or offered to return to appellant the unearned premium. The policy term had about eight months to run at the time of the first burglary and over seven months to run at the time of the second burglary. . . . Under such conditions, it is the settled law of this State that the insurer waives a forfeiture of the policy." To like effect was the ruling of this court, en banc, in Gold Issue Mining & Milling Co. v. Fire Insurance Co., 267 Mo. 524, 604, wherein are cited numerous juristic authorities, of this State and elsewhere, to the effect that an insurer waives a forfeiture of the insurance policy by failure to return and refund the unearned premium, upon discovery of the ground of forfeiture, especially where there is no evidence of fraud, upon the part of the insured, in the procurement of the policy of insurance. The ruling and holding of the respondents herein appears to be in consonance and harmony with the ruling of this court, en banc, upon the subject, as announced in the Block and Gold Issue Mining & Milling Company cases, supra, and as lately announced by Division Two of this court in State ex rel. Williams v. Daues, 292 S. W. 58. The foundation and ground of the ruling announced by this court in the Block and Gold Issue Mining & Milling Company cases is sound, and is predicated upon the logical and fair premise that an insurer assumes "an inconsistent position by contending that the policy of insurance is void, at the same time retaining premiums to which it has no right if its contention is correct." Thus, in the instant case, the relator contends that the policy or contract of insurance issued to Mrs. Luthy is void and inoperative because of the removal of the insured property without notice to relator, and without obtaining the written consent of relator to such removal, and yet, notwithstanding its contention that the insurance is not in force and effect from and after the time of the removal of the insured property, the relator retains the unearned premium, paid to relator by the insured in order that the insured may have protection and coverage against loss by fire for the entire policy term or period of three years; in other words, relator retains a consideration, represented by the unearned and unused premium, in payment for an insurance coverage and protection for the unexpired remainder of the policy term of three years, for which

protection and coverage the relator denies that it is liable because the insurance contract has been rendered void and inoperative, through failure of the insured to notify relator of the removal of the insured property, and through failure to obtain relator's written consent to such removal. The conduct of relator in retaining the unearned and unused portion of the premium paid by the insured is clearly and utterly inconsistent with the insistence and contention of relator that the policy of insurance is void and inoperative from and after the time of the removal of the insured property, and therefore is not in force and effect for the remaining and unexpired part of the policy term of three years. The law does not permit a party to a contract to assert and insist that no risk or liability on his part is attached to the contract, because the contract has been rendered void and inoperative by some act or omission of the other and opposite party to the contract, while the party thus denying liability under the contract, at the same time, holds onto, and retains, the consideration and benefits which he has received under the contract.

It is furthermore claimed by the relator that the opinion of respondents has applied the doctrine of waiver to relator solely because the relator, itself, has not affirmatively proved, by way of defense, that it had tendered, or offered to return, the unearned premium to Mrs. Luthy, the insured, upon the discovery of the removal of the insured property from the premises mentioned and described in the insurance policy or contract. It is said by relator that the pleadings in the cause pending on appeal in the Court of Appeals do not raise or present the issue of relator's waiver of a forfeiture of the policy provisions by retention of the unearned premium, and that Mrs. Luthy, the plaintiff in said cause, offered no evidence, on the trial of her cause in the circuit court, tending to show that relator had retained the unearned premium, or that relator had not offered and tendered to the insured a refund of the unearned premium; that relator elected to stand upon a demurrer to the evidence of the plaintiff, Mrs. Luthy, and that relator, under such circumstances of the case, was not required to affirmatively show, by way of defense, that it had not retained the unearned premium, or that it had tendered, and offered to refund, the unearned premium to Mrs. Luthy. Hence, relator claims that, in holding and ruling that (to quote the exact language of respondents' opinion) "defendant, as a part of its defense, should have shown that, after its duly authorized agents learned of the removal of the goods, which evidently was not until after the fire, it made timely tender of the unearned premium and had kept such tender good," the opinion of respondents has thereby contravened the controlling rulings of this court announced in Andrus v. Insurance Assn., 168 Mo. 151, and McCullough v. Insurance Co., 113 Mo. 606. The cited cases dealt with the sub-

ject of the sufficiency of pleadings, and announced the well established rule of practice in this State to the effect that, in suits upon insurance policies, where the insured plaintiff alleges in his petition due performance on his part of all the policy provisions, proof of waiver on the part of an insurer is admissible in evidence, although the waiver relied upon has not been alleged specifically in the pleadings. We find no conflict between respondents' opinion herein and the cited decisions of this court, as respecting the application of the rule or principle of law announced by this court in the cited cases.

Moreover, the basis and ground for relator's last insistence does not appear upon the face of respondents' opinion. The opinion of respondents, in the cause under review herein, does not set forth, or make reference to, the pleadings of the respective parties; nor does the opinion disclose the issues raised and presented by such pleadings, or make reference to the instructions of the trial court, so as to disclose the issues submitted to the jury for determination on the trial of the cause in the circuit court. The opinion of respondents impliedly, if not expressly, contains the finding of the fact that the unearned premium was not tendered by relator to Mrs. Luthy, the insured, although the opinion does not contain a recital of the evidence upon which the respondents' finding of the fact is predicated. However, it will be presumed that the issue of waiver was presented by the pleadings in the cause; that such issue was submitted by the instructions, and that there was sufficient and substantial evidence in the record before the Court of Appeals to support its finding of the fact. It is well settled by our announced rulings, in this character of proceeding, that this court cannot go beyond the opinion of the Court of Appeals to ascertain the issues or questions before that court for its determination on appeal, or to ascertain the evidentiary facts upon which such Court of Appeals predicated its findings of fact and conclusions of law. This, for the reason that the fair and reasonable presumption must be indulged by this court that the Court of Appeals, acting within its prescribed jurisdiction as a court of last and final resort, has done its full duty in undertaking to reach, and to state, a fair and full finding of the facts bearing upon the questions ruled and decided by such court; and the presumption likewise must be indulged that such Court of Appeals has undertaken to decide only such issues as are properly presented by the record on appeal for the decision and ruling of that court. [State ex rel. v. Ellison, 266 Mo. 604, 610; State ex rel. v. Reynolds, 272 Mo. 588, 596; State ex rel. v. Ellison, 273 Mo. 218, 230; State ex rel. v. Ellison, 278 Mo. 42, 47; Ex parte Dick & Bros. Brewery Company v. Ellison, 287 Mo. 139, 149; State ex rel. v. Daues, 292 S. W. 58, 60; State ex rel. English v. Trimble, 9 S. W. (2d) 624, 626, and numerous cases therein cited.]

470

We do not find that the opinion of the Kansas City Court of Appeals (under review in this proceeding) conflicts with any ruling of this court upon the subject therein ruled by the Court of Appeals, or that the opinion of the respondent Court of Appeals conflicts with any ruling of this court upon the same, or a similar, state of facts.

It follows that our writ of certiorari herein was improvidently issued and must be quashed. It is so ordered. *Lindsay* and *Ellison, CC.*, concur.

PER CURIAM:—The foregoing opinion by SEDDON, C., is adopted as the opinion of the court. All of the judges concur.