Floyd READENOUR, Respondent,

v.

MOTORS INSURANCE CORPORATION, Appellant,

Farley State Bank, Interpleaded Defendant.

No. 45468.

Supreme Court of Missouri.

En Banc.

Jan. 14, 1957.

Watkins & Watkins, C. D. Hale, St. Joseph, for appellant.

Richard W. Mason and Homer C. King, St. Joseph, for respondent.

WESTHUES, Judge.

Plaintiff Readenour filed this suit against Motors Insurance Corporation on a policy of insurance. The subject of the insurance was a combine. The policy was dated May 28, 1952, and it expired on May 28, 1953, at 12:01 a. m. Plaintiff claimed the combine was damaged by fire on May

27, 1953. The defendant denied liability. The Farley State Bank held a mortgage on the combine and was made a defendant at the request of the Insurance Company. Liability was denied on two grounds. Defendant claimed the fire occurred on May 28, 1953, after the policy had expired and that it had no notice that the combine was covered by a mortgage, and, therefore, under the mortgage clause in the policy, the defendant was not liable. Those were the two principal issues in the case. There was also a dispute as to the amount of damage.

Plaintiff's petition was in two counts. In count one, plaintiff asked for reformation of the policy so as to show that the combine was covered by a mortgage. In count two, plaintiff asked $2,500 for damages caused by the fire.

By agreement of the parties, count one was tried before the court without a jury in October, 1954, and on October 29, 1954, the court entered a decree reforming the contract of insurance to show the existence of a mortgage. Later, on January 12, 1955, a jury trial on count two was concluded and a verdict and judgment were entered in plaintiff's favor in the sum of $800 subject to a lien of $700 in favor of the Farley State Bank. An appeal was taken by defendant Insurance Company to the Kansas City Court of Appeals where the judgment was affirmed. See 287 S.W.2d 135.

The court of appeals reviewed the questions briefed by the Insurance Company as to errors which were alleged to have occurred during the trial on count two by a jury. The court declined to consider any points briefed pertaining to alleged errors as to the trial before the court on count one of the petition. This, for the reason, as the court held, that the judgment on count one was a final judgment and no steps to appeal therefrom were taken and therefore no assignments of error briefed as to the trial on that count could be considered. The court cited Section 512.020 RSMo 1949, V.A.M.S., and 42 V.A.M.S.

Supreme Court Rule 3.29, as authority. See 287 S.W.2d loc. cit. 138(1).

■ We are of the opinion that the court of appeals was in error in holding that the order of the trial court on count one of the petition reforming the policy of insurance was a final appealable judgment. It was for this ruling that this court ordered the case transferred.

The policy of insurance sued on had expired before this suit was filed. Count one asking that the policy be reformed was ancillary to the principal object of the suit. Had an appeal been taken from the decree on count one before the trial on count two, it would have and should have been dismissed as premature. The one and only object of the suit, though in two counts, was to collect damages on a policy of insurance that had expired when suit was filed. The event giving rise to the cause of action pleaded had occurred. The suit of plaintiff constituted but one claim which was for damages. Count one, in the circumstances of this case and trial thereon, was not a separate trial of any claim, counterclaim, or third party claim within the meaning of our Rule 3.29 or Sec. 512.020, supra; Weir v. Brune, 364 Mo. 415, 262 S.W.2d 597; State ex rel. State Highway Commission v. Hammel, 290 S.W.2d 113, loc. cit. 117(11, 12), 118(13, 14).

■ We now consider the points briefed by the Insurance Company. Defendant says the evidence did not justify reformation of the policy; that the evidence did not show that Lewis, a farm implement dealer who also wrote insurance, was defendant's agent; and that the evidence was insufficient to show mutual mistake. The evidence showed that plaintiff purchased the combine in question from Lewis and Sons, dealers in farm implements, at Platte City, Missouri. The price was $4,500. Plaintiff paid $1,500 in cash and gave a note and mortgage for the balance due. The note was later transferred to the Farley State Bank where it remained until the

combine was damaged by fire. The balance due at that time was $700. The note and mortgage had been renewed each year. Plaintiff's negotiations for the purchase of the combine were with J. W. Lewis. Lewis personally sold the note and mortgage to the Bank. Lewis suggested to plaintiff that the combine should be insured to protect the indebtedness. Lewis testified that he, in addition to carrying on the implement business, had an insurance business; that he wrote insurance for the defendant company; that he issued the original policy on the combine in question and notified plaintiff each time when the year was up; that plaintiff would then authorize him to renew the insurance; that he, Lewis, collected the premium and sent it to the defendant company; that he received a commission on all policies issued. Lewis further testified that he knew the note and mortgage were renewed each year and that the note had not been paid in full. In the circumstances, the trial court was justified in finding that Lewis was the agent of the defendant Insurance Company and therefore through him the defendant company had knowledge that the combine was covered by a mortgage. The decree reforming the policy was justified by the evidence. Benanti v. Security Insurance Company, 222 Mo.App. 763, 9 S.W.2d 673, loc. cit. 675(2). The defendant's contention that the evidence did not justify the decree is without merit. Since agency was shown, it was not necessary for plaintiff to prove there was a mutual mistake. We, therefore, need not discuss this point.

■ The following questions, which were briefed by defendant concerning the trial on count two, were disposed of by the court of appeals. Defendant says that the trial court should have dismissed the petition for failure to state a cause of action. This, because the petition did not allege that the defendant was a corporation. The court of appeals correctly disposed of this question. The court held that under Section 509.140 RSMo 1949, V.A.M.S., defendant should have raised that question by a "specific negative averment" before trial which defendant failed to do.

■ We also find that the court of appeals correctly disposed of the other assignments of error briefed. We approve the disposition of the case as made by the court of appeals and we shall not consider the questions at length. We desire to make only a few comments. Defendant says that plaintiff had placed four undisclosed mortgages on the combine. There was but one indebtedness against the combine which represented the unpaid balance of the purchase price. The note and mortgage were renewed each year. Even if the old note and mortgage were not cancelled, they were, in fact, discharged by the renewal.

■ In the last two points briefed, the defendant complained that the trial court erred in referring to the lien of the Bank for $700. The defendant brought this question into the case by asking that the Bank be made a party and also by asking questions of witnesses during the trial concerning the lien. It was proper for the court by its instruction to inform the jury that count one of the petition concerning the note and mortgage had been tried and disposed of by the court. Although defendant contends otherwise, that was not a vital issue in the jury trial on count two. It would serve no useful purpose to discuss the questions further and we refer to the opinion of the court of appeals where points of law were ably and fully considered.

The judgment is affirmed.

DALTON, C. J., and HOLLINGSWORTH, STORCKMAN, and LEEDY, JJ., concur.

HYDE, J., dissents in separate opinion filed; EAGER, J., dissents and concurs in dissenting opinion of HYDE, J.

HYDE, Judge (dissenting).

I respectfully dissent because I cannot concur in the ruling that the evidence was sufficient to justify a finding that Lewis was the agent of defendant Insurance Company. Lewis was called as a witness for plaintiff and, while he affirmatively answered questions (over the objection that a conclusion was asked for) to the effect that he "issued" the original policy and the renewals, the policy in evidence in the record was not countersigned by him (See Sec. 375.200, statutory references are to RSMo and V.A.M.S.) but was signed only by the President and Secretary of the Insurance Company, although it was a New York Company. (The place designated for countersigning was left blank so that apparently there was a failure to comply with Sec. 375.200.) When Lewis stated what he actually did he said he took the information from the person for whom a policy was sought and sent it in to the company office in Kansas City. Thereafter, the policy, including the declaration page, was made up by the Company; sometimes the policy would be sent to him to deliver and "sometimes they mail it direct to the customer." Thus, apparently it was not intended that Lewis countersign policies. Although Lewis collected the premium and sent it to the Company, he did not retain any part of it; "they just send a statement the first of the month and they send a check for the commission." From this evidence, it would appear that his status was that of an insurance broker rather than an agent authorized to represent the Company. (See 29 Am.Jur. 110, Sec. 86; 44 C.J.S., Insurance, § 136, p. 797; Sec. 375.270.) Sec. 375.270 provides: "Whoever, for compensation, acts or aids in any manner in negotiating contracts of insurance or reinsurance, or placing risks or effecting insurance or reinsurance for any person other than himself, and not being the appointed agent or officer of the company in which such insurance or reinsurance is effected, shall be deemed an insurance broker."

"Whether an insurance broker represents the insurer or the insured is a question which cannot be answered absolutely but which depends upon the circumstances of the particular case. Under certain circumstances and for certain purposes, an insurance broker may represent either the insured or the insurer, or both. The question is one of fact to be determined from the evidence." 29 Am.Jur. 114, Sec. 91; See also 44 C.J.S., Insurance, § 140, p. 799; Morrow v. Loeffler, Mo., 297 S.W.2d 549, and cases cited; Smith v. Ohio Millers' Mutual Fire Insurance Co., 320 Mo. 146, 6 S.W.2d 920, 928. As these authorities show, a broker may be an agent of either party for some purposes and not for other purposes. Moreover, in this case, Lewis was acting partly for his own benefit because he said he told plaintiff that he ought to have insurance with a mortgage clause and that this was to protect him (Lewis) as mortgagee; and Lewis said he would not have made the transaction without such insurance.

Since this matter of the status of Lewis was left in doubt and it appears that plaintiff may have just claim for reformation of the policy and its enforcement or perhaps on waiver by failure to tender premiums, as suggested in plaintiff's brief but not made an issue at the trial. See State ex rel. Northwestern Nat. Ins. Co. v. Trimble, 323 Mo. 458, 20 S.W.2d 46; Williams v. Connecticut Fire Ins. Co., Mo.App., 47 S.W.2d 207; Morrison v. Fidelity-Phoenix Fire Ins. Co., Mo.App., 71 S.W.2d 816. Therefore, I would remand the case so that these matters may be fully developed. Sec. 375.270 requires insurance brokers to be licensed annually by the Superintendent of Insurance; requirements as to agents and solicitors are set out in Secs. 375.010 and 375.020. (See also Sec. 375.300 making it a crime to act as agent or solicitor without a license.) Certainly it could be shown what kind of a license Lewis had. We also note that Lewis was not asked and did not say whether or not he requested

the Company to place a mortgage clause on the original policy or any subsequent policy; and there was no evidence as to whether or not the original policy did have a mortgage clause, the policy in evidence being a third renewal of the insurance. It might also be material to show who made the proof of loss, which was unsigned, acting for whom in making it.

For the reasons stated, I would reverse and remand.

EAGER, J., concurs.