**MIDLAND BANK, Plaintiff/Appellant,**

v.

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Commercial Union Insurance Companies, and the Travelers Indemnity Company, Defendants/Respondents.**

**No. WD 36425.**

Missouri Court of Appeals,
Western District.

June 25, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied
Aug. 27, 1985.

Application to Transfer Denied
Oct. 16, 1985.

Michael W. Manners, Independence, for plaintiff/appellant.

June Clark, Kansas City, for defendants/respondents.

Before BERREY, P.J., and DIXON and KENNEDY, JJ.

BERREY, Judge.

Midland Bank, plaintiff, appeals from an order overruling its Request For Declaratory Judgment under Count I of its four-count petition. The appeal is dismissed as not being a final appealable judgment.

Briefly, the relevant facts are that Midland Bank loaned to one Frank's Publick House, Inc., a sum of money in the amount of $360,000.00 and took a security interest in the "items of contents" being acquired by the loan. Frank's Publick House was insured from fire loss under policies issued by St. Paul Fire and Marine Insurance Company, Commercial Union Insurance Companies, and The Travelers Indemnity Company, the defendants. Midland Bank was shown as loss payee under all of the three policies. Apparently, the building itself was not subject to Midland's security interest nor was it insured from fire loss.

A fire occurred at Frank's Publick House and Midland alleges that its entire security in the "items of contents" was destroyed. Midland commenced litigation against the three insurance companies seeking under Count I of its petition a Declaratory Judgment to establish that, "the standard mortgage clause of the policies issued by defendants providing that the policies shall not be invalidated by any act or neglect of the mortgagor, owner, or named insured applies to these policies and to this loss by the plaintiff...." Counts II through IV sought judgment from each of the three insurance companies for $120,000.00 in damages plus penalties, attorney's fees, and costs of the action.

The trial court's order appealed from took up Count I of the petition and overruled the Request for Declaratory Judgment with the following language:

(a) Under the policies of insurance issued by St. Paul, Commercial and Travelers to Frank's, Midland is a loss payee and not a mortgagee. It is specifically held and decreed that Midland is not a standard union mortgagee under the policies issued by St. Paul, Commercial and Travelers to Frank's;

(b) Pursuant to the policies of insurance issued by St. Paul, Commercial and Travelers to Frank's, Midland is not entitled to the benefits of the standard mortgage clause as Midland is a loss payee and not a mortgagee of any type;

(c) The standard mortgage clause of the policies issued by St. Paul, Commercial and Travelers to Frank's does not apply in any manner to such policies;

(d) The standard mortgage clause of the policies issued by St. Paul, Commercial and Travelers to Frank's does not apply in any manner to any loss claimed by Midland in this action;

(e) Pursuant to the policies issued by St. Paul, Commercial and Travelers to Frank's, Midland, in its designated status under the policies as a loss payee, stands in the shoes of the insured, Frank's, and any defenses which St. Paul, Commercial and Travelers may assert under its policies issued to Frank's against Frank's may also be asserted by St. Paul, Commercial and Travelers against Midland.

The trial court amended its order to specifically designate the judgment as final for the purpose of appeal within the meaning of § 512.020, RSMo.

◼ This court has the duty to raise the issue of finality of an order sua sponte and determine if it has jurisdiction to address the merits. *Erslon v. Cusumano,* 691 S.W.2d 310, 311 (Mo.App.1985); *Redeker v. Bradbury,* 680 S.W.2d 403, 405 (Mo.App.1984). Although the trial court desig-

nated the order final and appealable, the designation is not conclusive. *Daniels v. Richardson,* 665 S.W.2d 76, 77 (Mo.App. 1984). "Designation of finality by the trial court is effective only when a partial disposition disposes of a distinct 'judicial unit,' i.e., a judgment which terminates the action with respect to the claim adjudged." *Erslon, supra,* at 312. Where the order is not final, the appeal must be dismissed. *Id.*

*Readenour v. Motors Insurance Corporation,* 297 S.W.2d 554 (Mo. banc 1957), presents a situation procedurally similar to the instant case and is clearly instructive. There, the plaintiff sought through Count I the reformation of an insurance policy under which he was claiming damages for fire loss. Count II contained his prayer for damages. The court entered a decree reforming the contract of insurance and the parties proceeded to a jury trial under Count II. Plaintiff prevailed and the defendant appealed the entire action. This court dismissed the appeal of Count I for the reason that the judgment on Count I was a final judgment at the time entered and was not appealed earlier. Therefore, the court could not consider it. *Readenour v. Motors Insurance Corporation,* 287 S.W.2d 135 (Mo.App.1956). The Supreme Court reversed in holding that Count I was "ancillary to the principle object of the suit. Had an appeal been taken from the decree on count one before the trial on count two, it would have and should have been dismissed as premature." *Readenour,* 297 S.W.2d at 556. The court continued in stating, "The one and only object of the suit, though in two counts, was to collect damages on a policy of insurance.... The suit of plaintiff constituted but one claim which was for damages." *Id.* Such is the instant case.

■ The Declaratory Judgement requested by plaintiffs acted as a partial disposition of the claim for damages in that it served to inform Midland that it is subject to the same defenses as the insured. The judgment entered did not terminate the action with respect to the claim as it did not foreclose Midland's claim for damages.

Appeal dismissed.

All concur.