## DAVID PEARCE, INTERPLEADER, *vs.* ISAAC AND JAMES DANSFORTH.

1. The "delivery of a deed by the grantor, for the purpose of having it recorded, may, under proper concurring circumstances, be regarded as a delivery to the grantee."
2. Circuit courts have a discretion in the admission of evidence after a cause has been once closed, and the supreme court will not interfere with the exercise of it except when used oppressively.
3. The fact that the attorney of the plaintiff submitted to a non suit, under a misapprehension of the purport and meaning of an instruction given by the court is not good cause for setting it aside.
4. A debtor executed and delivered for record a deed of trust conveying certain property to pay a specified debt. On the same day that the deed was executed, the sheriff, by virtue of an attachment, took possession of the property. Held, that in a controversy between the attaching creditor and the trustee, there being no evidence upon the point, the possession of the sheriff is *prima facie* evidence that he seized the property at an earlier hour of the day than the deed of trust was delivered for record; and that it devolves upon the trustee to show a precedent right.

ERROR TO ST. LOUIS COURT OF COMMON PLEAS.

### STATEMENT OF THE CASE.

The defendants in error sued out an attachment at the February term, 1849, of the court of common pleas, against Aug. J. Ambler and Alfred A. Heath, partners under the name of Ambler & Heath, dealing in liquors, groceries, &c., on the alleged ground that the defendants

in the attachment had made a fraudulent assignment of their property, '&c., so as to hinder and delay their creditors, &c. All the property in question, which consisted mainly of liquors, &c., was seized under the attachment, on the 13th January, 1849, (the day on which the writ was issued) as the property of the defendants. At the return term, Ambler & Heath filed their plea in the nature of a plea in abatement to dissolve the attachment, and the issue upon this plea was found against Ambler & Heath.

At the same term of the court of common pleas, Pearce, the plaintiff in error, filed his interpleader, claiming the property taken by the officer under attachment. On the trial of this issue, Pearce, the claimant, to wit: on the 24th March, 1849, offered in evidence before the jury a note made by Ambler & Heath to Irel Ambler, dated January 11th, 1849, for $4,462 32, payable one day after date; also a deed of trust made by Alfred A. Heath and Augustine J. Ambler (the defendants in the attachment) to said Pearce, the deed of trust bears date January 13th, 1849, and is executed, "Ambler & Heath, [seal] Alfred A Heath, [seal] Augustine J. Ambler, [seal] by his attorney Alfred A. Heath." This deed of trust was made and recorded January 12th, 1849, and purported to convey to David Pearce, the interpleader, all the property in question, in trust to secure the payment of the note made by Ambler & Heath for $4,462 32 to Irel Ambler before mentioned. The claimant also read in evidence a power of attorney purporting to be executed by Augustine J. Ambler (one of the defendants in the attachment) to A. H. Heath, the other defendant, which power bears date of January 13th, 1849, (the same day the attachment was sued out and executed on the property. The power authorized Heath to settle up the business of the firm of Ambler & Heath, and to collect all monies due said firm, &c., and to transact all business, &c., by any manner of means whatsoever according to law and to the best of his judgment, &c., to sign my name and affix my seal to all documents which it may be and appear necessary to draw, &c., the power of attorney also expressly ratified and confirmed the making of the deed of trust above mentioned.

Charles Gibson, attorney for claimant, testified that the power of attorney was handed to him on 13th January, 1849, the day the attachment was levied. Witness was practising law, and acted as the legal adviser of Ambler & Heath, and had been their legal advisers since the spring of 1848. Witness instructed Heath to put the amount, viz., $4,462 32 into a note, and he (witness) would draw a deed of trust, which he did, and it was signed by Heath as above on the 12th January, 1849, about noon, and immediately put on record. Late in the evening of January 12th, witness found a note on his table signed A. J. Ambler, confirming the deed of trust, as follows : Mr. C. Gibson—Sir: I hereby acknowledge and confirm the deed of trust made by Alfred A. Heath, as attorney for me in favor of Irel Ambler to a certain stock of goods, late the property of Ambler & Heath of this city, and hold myself amenable for the faithful discharge of the provisions thereof.

A. J. AMBLER.

St. Louis, January 12th, 1849.

Witness had never seen Irel Ambler, the payer of the note, nor did the witness know that A. J. Ambler had ever seen the deed of trust, when he handed witness the power of attorney on the 13th of January. The claimant then proved that some time in September, previous to the attachment, Ambler & Heath sold to Page & Bacon, several drafts in favor of Irel Ambler and endorsed by him, and Ambler & Heath amounting to $6,000. Here the claimant rested.

On the part of the attaching creditors it was proved that Irel Ambler resides, and has resided for a number of years in the State of Connecticut. That he is the father of A. J. Ambler, who is brother-in-law to Heath. That Pearce the interpleader lives in St. Louis, but was absent on a visit to the eastern cities when the note and deed of trust were made, and the attachment sued out. Barrel, a clerk in the store of Ambler & Heath, testified that he was in the store, during the whole of the 12th of January, 1849, and that there was no delivery to Pearce or to any one for him of any of the property specified in the deed of trust—witness did not know

of any indebtedness of Ambler & Heath to Irel Ambler, and had never seen or heard of the note for $4,462 32, until after the attachment was sued out—witness produced two letters addressed to him by A. J. Ambler one of the defendants, one dated Dec. 28th, 1849, and the other Jan. 6th, 1849, written, one at Louisville, Ky., and the other at Cairo, Ill., and which letters were received by witness the one on——day of January——, and the last the 11th Jan. 1849, both letters directed witness to put up liquors, &c., &c., out of the store of Ambler & Heath to the amount of $3,000 and ship them down to Cairo, consigned to White & Co., and where Ambler would receive them. Witness did not comply with the directions contained in these letters for the reason that the entire stock in the store did not amount to more than one-third of the amount witness was directed to put up and ship, and besides witness had no faith in the person to whom the liquors were to be shipped—witness also testified that on the evening that A. J. Ambler returned to St. Louis, which was Jan. 12th, 1849, he asked witness, *"do you th nk we must go by the board?"* witness answered, *"yes, White's acceptance caused it, not our business."* Ambler then said, *"If we must go, we must—make the most of it."* He then proposed to ship the goods to New Orleans, sell them and with the proceeds go to California. Heath was then in St. Louis. E. R. James, book-keeper of Ambler & Heath testified that Irel Ambler was charged with several amounts, debits, on the books of Ambler & Heath, but had no credits on their books. That the amount of debits on the books of Ambler & Heath was several hundred dollars. It was proved also, that neither Pearce, the claimant, nor Irel Ambler were present when said note and deed of trust were made and knew nothing of the note and deed of trust at the time the attachment was levied. That Pearce was in Connecticut at the time the note was sent on then to Irel Ambler, where it was endorsed by him, and brought out by Pearce, who arrived in St. Louis with the note a few days before the trial of this case.

The attaching creditors then rested.

In rebuttal the claimant called A. A. Heath, (one of the defendants in the attachment) as a witness, who was objected to on the ground of interest, but the objection was overruled and exceptions taken. Heath testified that the indebtedness of Ambler and Heath to Irel Ambler first, was $6000, which was reduced to $4462 32-100, which was the balance due him for money advanced to Aug. J. Ambler to enable A. & H. to go into business, that he the witness as attorney for Irel Ambler, made the advance. That prior up to the time of making the deed of trust, Irel Ambler held several notes against A. J. Ambler for the advance above mentioned; but that the note for $4462 32-100, was designed to include all of those prior notes. That the several notes of A. J. Ambler to Irel Ambler were held by witness as attorney for the latter, up to the 12th January 1849, when they were assumed by Ambler & Heath, by witness making the note for $4462 32-100, and the small notes given up, that witness had no power of attorney or authority from A. J. Ambler to sign the deed of trust at the time he signed it, that A. J. Ambler returned to St. Louis on the 12th January 1849, in the evening after the deed of trust was made, that no instructions were given the clerks in the store, not to sell any of the goods, but had any been sold after the deed of trust was made, it would have been accounted for to the trustee. That soon after attachment was levied witness wrote to Irel Ambler, informing him of the note and deed of trust. This substantially was all the evidence in the cause, and both parties rested.

The court then gave to the jury the following instructions:

"That if the deed of trust was not delivered to the trustee until after the attachment was levied, then it passes no title as against the attaching creditors."

To the giving of which instruction, the claimant at the time excepted.

The counsel for claimant then offered to prove that the deed of trust was delivered to Charles Gibson on the 12th January 1849 the day it was executed, and that Gibson accepted it as Pearce's agent, and put it on record, and that Pierce, when apprised of the deed, which was long after the attachment was levied, ratified Gibson's acts, and accepted the trust; but it was at the same time admitted that Gibson at the same time the deed was delivered to him,

had no authority from Pearce to do any thing in the premises, and had never acted as his agent or attorney, and that he, the said Gibson, had acted in this matter as attorney for Heath or Ambler & Heath. To the giving of the evidence, thus offered the attaching creditors objected, and the court sustained the objection, and refused to allow the testimony thus offered to be given to the jury, and to the ruling of the court in excluding the evidence thus offered, the claimant at the time excepted.

Thereupon the claimant voluntarily submitted to a non-suit, and judgment was rendered accordingly, afterwards and within the time prescribed by the rules and practice of the court of common pleas, to wit: on 26th March 1849, the claimant filed his motion and reasons to set aside said non-suit, as follows:

1st. Because the instruction given by the court, was against law.

2nd. Recause the court improperly excluded evidence offered by interpleader to establish the delivery of the deed.

Because the acting attorney, Gibson, was mistaken in the purport and meaning of the instruction given by the court, and would not have taken said non-suit, if he had properly understood the instruction given by the court.

While said motion was pending, and undetermined in said court, the claimant, at the same time to wit: on the 27th March 1849, filed a second interpleader claiming as his own all the property levied upon under the attachment. Afterwards and on the same day, the motion of said claimant to set aside said non-suit was overruled and exception taken in due and proper form, and the case comes into this court by writ of error, and to reverse the judgment of the court below, the following errors are assigned:

1st. That the court below erred in overruling the motion made by interpleader to set aside the non-suit.

2nd. Because the court erred in giving the instruction, it gave.

3rd. Because the court below erred in exclduing the evidence offered by interpleader.

It is agreed that in the argument and hearing of this cause in the supreme court, wherein David Pearce, the above interpleader, is plaintiff in error and said James Dansforth, and Son defendants in error, that the reports of the testimony as well as other original papers used in the trial below, shall be considered as a part of the record in the supreme court, in every particular, as if said reports of testimony and original papers were set out in the record.

Todd & Krum for defendants.

Two questions are presented in this record for the decision of the court:

*First*, Was the instruction given to the jury in the court below, erroneous, and·

*Secondly*, Was there error in the refusal of the court below, to allow the plaintiff in error to give *further* evidence, after both parties had closed and the court had instructed the jury?

The defendants in error, in support of the judgment below, make the following points, and cite authorities, &c.

1st. The instruction to the jury by the court below is but a simple examination of a sound rule of law, and one that is applicable to the facts in the case.

The deed of *trust* on its face, purports to have been made on the same day that the attachment was sued out and levied, hence it became necessary on the part of claimant to offer evidence, (as was done) to show that the deed was *bona fide* and made and recorded before the attachment was levied, otherwise he would have shown no right to the property in question, superior to the attachment.

2nd. Delivery was essential to the validity of the deed in question. Delivery *ex vi termini* imports that there must be a recipient.

It would be absurd to hold that a thing was delivered, when there was no person to receive. 6 Mo. Rep. 326; 12 J. R. 413; 2 Wend. 308; 1 J. Cases 114; 5 id. 532; 6 Cow. 617; 4 Viva ab. 27, sec. 52, 12 id. 105; 1 Shep. Touch 57, 58; 2 Bl. Com. 307.

DAVID PEARCE Interpleader vs. JAMES DANSFORTH.

3rd. The deed in question neither proved nor tended to prove the claimants right to the property in question.

1st. Because Heath, who made the deed, had no authority to sign for Ambler, and his subsequent ratification, (whether *bona fide* or with a view to defeat the attachment,) adds nothing to the validity of the deed as between the parties to this suit.

2nd. Because the debt specified in the deed was not a partnership debt of Ambler and Heath, the latter had no authority to assume it and make a partnership debt, nor had he any authority to convey in trust to secure that debt, the entire stock and property of the co-partnership of Ambler & Heath.

3rd. Because there was no delivery of any of the property in question to the claimant, or to any one for him, and the delivery of the deed to Gibson was a nullity.

4th. Because there was no proof of a sufficient consideration to support the deed, and such proof was essential to give it effect, Call on Part. 217; Story on Part. 144 note; 5 Mo. Rep. 466; 1 Dessan 537; 5 Page 30.

5th. Because the deed was voluntary by Ambler & Heath, who at the time were insolvent. The deed is therefore void against creditors. 9 Mo. Rep. 606.

It was in the direction of the court below, whether to permit the claimant to give further testimony or not, (both parties having closed and the court having instructed the jury before the offer to give further testimony was made) and this court will not undertake to control or revise that discretion.

The debt to secure which, this deed of trust was made, was in fact as shown by the evidence the individual debt of A. J. Ambler and not the debt of Ambler and Heath, therefore the claim of the interpleader cannot have precedence over the claim of the attaching creditors; theirs being for a partnership debt of Ambler and Heath.

The plaintiff in error having submitted to a non-suit voluntarily, and inasmuch as it is apparent from the record, that the evidence offered by claimant and excluded by the court, neither proves nor tends to prove the claimants right to the property in question, (the same evidence substantially having already been submitted to the jury) the court below properly refused to set aside the non-suit, and this court will not reverse the judgment on that ground.

Judge BIRCH delivered the opinion of the court.

It having been decided at the present term, in the case of Mayor vs. Hill and others, that delivery of a deed by the grantor, for the purpose of having it recorded, may, under proper concurring circumstances, be regarded as a delivery to the grantor, or trustee, there seems nothing in the instructions of the court upon that point which might not at all events have been rendered plain and pertinent to the supposed purposes of the plaintiff, had he asked a short explanatory instruction. The judgment cannot therefore be disturb upon that ground.

As it is a matter of discretion with the inferior courts, to admit or exclude testimony when offered after a case has been once closed, many reasons suggest themselves why the exercise of that discretion should be respected, even beyond what may be apparent from a mere reference to the record. Without, therefore, intending to intimate that cases may not arise, in which the abuse of such a discretion may be too apparent

to be overlooked, we forbear any further review of the question which has been raised upon that point in the present case, than to add that if it were exercised injudiciously, or oppressively, it has not been pointed out. The same remarks are applicable to the second interplea, and the matter concerning the misconception of the attorney we apprehend is scarcely relied upon. To entertain such reasons as a ground for opening up a case anew, would be to give to trials a multiplication so indefinite, as to render them expensive and oppressive farces, instead of sober realities for the adjustment and enforcement of civil rights.

Without deeming it necessary, therefore, to re-state the doctrine applicable to other points which have been raised in this case, it seems to us sufficient that (at least inferrentially) the attachment was not only issued, but the property in question was in the hands of the sheriff at an earlier hour on the 13th of January than the deed of trust was delivered for record. At least, the plaintiff had an opportunity, under the instructions of the court, to have had that question settled according to the belief of the jury—the appropriate triers of such a fact—but he seems to have waived it, leaving the inference of the law in favor of the possession of the sheriff, as above intimated.

It is not for us to determine under the aspect in which this case is presented, whether the date of the deed or the date of recording shall prevail. It is deemed sufficient for us to decide, that in order to divest the rights which *prima facie* resulted from the possession of the attaching creditors, it was necessary to establish an unambiguous and unsuspicious *precedent* right, failing to do which, by leaving it to a jury to determine, the property necessarily remained under the legal custody which had previously attached to it. The judgment of the court of common pleas is therefore affirmed.