STEVE JURKIEWICZ, RESPONDENT, v. MILLERS NATIONAL INSURANCE CO., APPELLANT.—76 S. W. (2d) 721.

Kansas City Court of Appeals. November 13, 1934.

Brown, Douglas & Brown for appellant.

C. F. Keller and Elliott & Crouse for respondent.

SHAIN, P. J—The respondent, hereinafter designated as plaintiff, brought this action against the appellant, hereinafter designated as defendant, to recover under a contract of fire insurance issued to him on a dwelling house.

No questions of incorporation or issuance of the policy for value are presented. The plaintiff pleaded total, destruction by fire and full compliance of notice and proof of loss and seeks to recover for one thousand ($1000) dollars, the face of the policy, and for penalty and attorney fees for alleged vexatious delay.

The fire is alleged as occurring March 20, 1933. It is alleged that notice was given to the agent of the defendant on March 21, 1933, at which time it is alleged request was made of the defendant's alleged agent for blanks for making the proof of loss. It is alleged that the defendant failed, refused and neglected to send said

blanks, until May 12, 1933, and that more than ninety days before the commencement of this action the plaintiff gave to the defendant due notice and proof of fire and loss.

The defendant, in its answer, pleaded provisions of the policy, as follows:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void . . . if the interest of the insured be other than unconditional and sole ownership."

"If fire occur, the insured shall . . . within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire, the interest of the insured and of all others in the property, the cash value of each item thereof and the amounts of loss thereon, all encumbrances thereon, all other insurance whether valid or not, covering any of said property, and a copy of all the descriptions and schedules in all policies, any changes in the title, use, occupation, location, possession or exposure of said property since the issuing of this policy, by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of the fire."

"The insured as often as required, shall exhibit to any person designated by this company all that remains of any property herein described and submit to examinations under oath by any person named by this company and subscribe the same."

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements."

The defendant pleaded that plaintiff was not unconditional sole owner and further avers that plaintiff failed and refused compliance with the request of the defendant to render the sworn statement and to make exhibits, as provided in the above provisions, although duly requested so to do by plaintiff.

During the course of the trial, the defendant was permitted to amend its answer, so as to include the defense of arson.

The plaintiff filed general denial to defendant's answer.

Trial was by jury resulting in a verdict for the plaintiff in the sum of one thousand ($1,000) dollars. Judgment was entered in accordance and the defendant duly appealed.

The defendant makes assignment, presents points and cites authority on claimed errors, as follows: First, refusal of offered instructions in the nature of a demurrer. Second, refusal of instruction withdrawing the question of vexatious delay. Third, giving of plaintiff's instructions numbered ten, eleven, twelve and thirteen.

The third specification is based entirely upon the fact that the instructions submit the issue of vexatious delay. In substance, the questions presented are, first, as to whether there was made a case for the jury, and second, if so, was it error to submit the issues of vexatious delay.

## OPINION.

To the determination of the question of whether or not there was made a case for the jury, there are several elements to be considered. Principal of these is the question of whether or not such notice of loss was given; such request for blanks upon which to make proof was made; such delay in the defendant furnishing same and such denial of liability by the defendant, as to waive the conditions precedent to suit and recovery as are provided in the provisions of the insurance contract, which provisions were pleaded by defendant and are set forth above.

It appears that one, John L. Zeidler, was the accredited agent of the defendant and that said agent issued and signed the policy in issue.

It appears that one, J. F. Slibowski, was an insurance broker and so licensed by the State of Missouri.

The evidence of the plaintiff discloses that Mr. Slibowski was the agent with whom he had contracted for insurance for a number of years and that the policy in issue had been secured through Mr. Slibowski, who had delivered the policy and collected the premium thereon. The plaintiff testified that he told Mr. Slibowski there was a balance of five hundred ($500) dollars loan secured by mortgage on the house in issue and that this information was given to him at the time application for the insurance was made. The testimony is clearly to the effect that the plaintiff notified Mr. Slibowski of the loss by fire on March 21, 1933, which was the day after the fire. The plaintiff's testimony is that he, at that time, requested blanks for making proof of loss.

The defendant urges that notice and request made to Mr. Slibowski was not notice to it, for the reason that said party was not its agent. Be that as it may, the evidence of the plaintiff is to the effect that within three days after the fire, a Mr. Land, who is shown to be an adjuster representing the company, did have notice of the loss and came to see the plaintiff concerning the loss. While notice of loss is essential, justice is not so concerned as to how notified as it is as to whether notified.

The court permitted a reopening of the case and plaintiff, on being recalled, testified that Mr. Land, the defendant's representative, on the third day after the loss by fire, made an express denial of liability on the ground that no mortgage clause was attached to the policy. Much discussion is shown in the record and much comment

appears in the briefs filed herein, concerning this reopening of the case and the admittance of such testimony at that time. There is nothing shown, however, that causes us to conclude that the trial court abused the discretion that a trial court has in such matters.

Taking this evidence into consideration, as we conclude we must, the doctrine applies that is declared in Weiss v. Continental Ins. Co., 61 S. W. (2d) 392, wherein it is held that denial of liability waives right to insist on examination. Further, such a denial of liability waives proof of loss (Ferguson v. Home Ins. Co., 208 Mo. App. 422).

Based upon the law and giving the plaintiff the benefit of evidence most favorable to him, we conclude the court did not commit reversible error in submitting the case to the jury.

As to the question of unconditional and sole ownership to-wit, the question of the five hundred ($500) dollar mortgage, the record shows that no such issue was properly submitted to the trial court and no such issue is sufficiently raised in defendant's motion for a new trial or in defendant's brief.

The giving of plaintiff's instruction seven, withdrawing said issue from the jury, is not mentioned in the motion for new trial and is not specified as error in defendant's specifications of error in its brief. Further, no instruction submitting such issue is shown to have been offered by the defendant.

Further, if such a question could be considered as raised by implication, we cannot consider same for another reason, to wit; such a defense is based upon the claim that the contract was void from the beginning. Requisite to such a defense the premium must be returned. No attempt even to follow such a course is shown.

As to the defense of arson, we conclude same was properly presented as an issue of fact for the jury.

Error is claimed in the fact that the trial court submitted issues of vexatious delay to the jury. Such issue, of course, must be based upon the conduct of defendant before suit was brought and must be determined by the situation as presented to the defendant at the time demand for pay is made. [Paetz v. London Guarantee & Accident Co., 71 S. W. (2d) 1. c. 831.]

The sending of an adjuster three days after the loss justifies the conclusion that the defendant then knew that the plaintiff was making claim for the loss. The trial court, in submitting the case to the jury, was justified in giving credence to the testimony to the effect that the defendant was then denying liability on the express ground that plaintiff's policy was void, by reason of undisclosed mortgage. The fact that the defendant did not come into court defending upon such ground for denying liability presents a condition that might be considered on the issue of vexatious delay. In passing on

the question of submission, the trial court had the right to consider all of the evidence in its most favorable light to plaintiff.

Based upon the reason above, when taken together with the fact that the verdict of the jury limited the recovery to the amount entitled to recover on account of insurance, we conclude that it was not reversible error to submit the issue. Judgment affirmed. All concur.