J. O. HAYS, RESPONDENT, v. WESTERN UNION TELEGRAPH COMPANY, A CORPORATION, APPELLANT.—150 S. W. (2d) 511.

Springfield Court of Appeals. April 3, 1941.

20

*Francis R. Stark, Bradshaw & Fields, J. N. Brown* and *Frank B. Williams* for appellant.

22

*Phil M. Donnelly* for respondent.

BLAIR, P. J.—This is an appeal from a judgment for plaintiff (respondent here) in the sum of $109, rendered by a jury against defendant (appellant here) in the Circuit Court of Laclede County, Missouri, on October 6, 1939. The case was originally filed in the justice court in said county, wherein judgment was rendered for the plaintiff. Defendant thereupon appealed to the circuit court.

The case was tried in the circuit court on the petition of plaintiff, filed in the justice court. Said petition alleged in substance that,

on November 25, 1937 (which we see was Thursday), the Schumacher Commission Company of St. Louis, Missouri, delivered to defendant in St. Louis, Missouri, its telegram addressed to plaintiff at Phillipsburg, Missouri, reading as follows: "Pay You Two Twenty Five Buy Heavy" and that defendant negligently delivered to plaintiff a telegram reading: "Pay You Two Seventy Five Buy. Heavy."

The petition further alleged that, relying on the price named in said telegram, as delivered to him, plaintiff purchased 218 dozen rabbits (to which such telegram is conceded to have related) to sell "for a market of $2.75 per dozen;" and that said Schumacher Commission Company thereafter refused to pay plaintiff more than $2.25 per dozen for said rabbits; and "that by reason of the defendant's negligence in copying, transmitting and delivering said message the plaintiff has been damaged in the sum of fifty cents per dozen on the rabbits purchased or a total of $109.00;" for which judgment in favor of plaintiff was afterwards rendered in the circuit court. Thereupon defendant appealed to this court.

The evidence tended to support the allegations of such petition. It showed that plaintiff sent a telegram to Schumacher Commission Company, asking when delivery of the rabbits was to be made and received an answer that delivery could be made on the following Monday and that the price, without stating such price, had been wired. Thereupon plaintiff secured a number of dozen of such rabbits and delivered same to said Commission Company in St. Louis on Monday morning following; but received therefor only $2.25 per dozen, instead of $2.75 per dozen, as stated in the telegram delivered by defendant, and said Commission Company refused to pay more than $2.25 per dozen therefor.

A number of errors are charged in defendant's motion for new trial, and preserved here for review. It is first contended that the trial court erred in overruling defendant's request for a directed verdict. No other assignment of error need be considered by us, if appellant is correct in this.

It is appellant's contention that the sufficiency of the petition as filed in the justice court must be judged by a petition filed in the circuit court, and, if such petition fails to state a cause of action, as so measured, plaintiff must fail.

It is difficult to understand appellant's contention in regard to such petition. We are unable to see how any petition could more fully allege all the facts required to be stated under Section 4929, Revised Statute Mo. 1929 (now section 5334, R. S. Mo. 1939), under which this action was commenced. Said petition, being based on said section and alleging all the facts required by said section, must be regarded as stating a cause of action in the circuit court or elsewhere. The point is overruled.

It is contended that said petition, and the proof adduced, in sup-

port thereof, showed special and not general damages. It would be difficult to imagine a case where damages would more naturally flow from negligence in transmitting a telegram, than in the case at bar. Plaintiff had the undoubted right to believe, from the telegram as delivered, that be would receive $2.75 per dozen for the rabbits, instead of any lower price. The message showed on its face that it was concerning a business transaction. If this was not the natural and usual consequence of the established negligence of defendant, it is hard to imagine a case where more natural damages would follow. In Kerns v. Telegraph Company, 170 Mo. App. 642, l. c. 649, 157 S. W. 106, it was said: "It is true that where the action is for breach of the contract the damages must be such as rise naturally out of the breach and be such as may be reasonably within the contemplation of the parties. But where, as here, the action is in tort, or for a breach of defendant's public duty, the damages recoverable are such as might reasonably have been expected to occur under the particular circumstances. [Jones on Telegraph Companies, sec. 518.]"

We hold that the action is in tort and that the damages of plaintiff, alleged and proven, were the natural result of the negligence of defendant. Such damages would naturally follow a telegram such as delivered to plaintiff and the sendee would naturally act on the telegram, as delivered, and would suffer a loss.

Appellant has cited many cases holding that special damages must be pleaded, and we fully agree with appellant, insofar as actions on contract are concerned; but appellant, as we believe and hold, is mistaken in its view that the damages alleged and shown here were special damages, as such special damages are usually regarded in contract. While the statute refers to special damages, such damages have always been recoverable in actions for breach of public duty, if the damages alleged are the natural consequences of the negligence of defendant, regardless of whether such damages were in contemplation in an action on contract. [Tippen v. Telegraph Co., 194 Mo. App. 80, 185 S. W. 539, 543; Fitch v. Telegraph Co., 150 Mo. App. 156, 130 S. W. 44, 46; Kerns v. Telegraph Co., *supra*.]

This disposes of the first three assignments of error made by appellant contends in assignment IV that "The Court erred in re-opening the case and in permitting defendant (plaintiff) to introduce evidence as to the cost of the rabbits," etc. Assuming that the assignment is sufficient, it has always been held that the matter of reopening a case and permitting further evidence to be introduced is largely in the sound discretion of the trial court. We see no evidence of abuse of discretion in this case and the assignment must be overruled. This has been the unvarying holding from Pearce v. Dansforth, 13 Mo. 360, to Jurkiewicz v. Insurance Company, 229 Mo. App. 262, 76 S. W. (2d) 721, l. c. 723, and we find no contrary view.

It is charged that "The trial court erred in giving instruction P-G-1 in behalf of plaintiff." The criticism is of the instruction reading:

"P. G. 1. The court instructs the jury that it is admitted in evidence that the Schumacher Commission Company filed with the defendant at its St. Louis office on November 25, 1937, the telegram referred to in evidence as Exhibit 'A' and that the proper toll was collected for said telegram.

"Therefore the court instructs the jury that if you find and believe from the evidence that said telegram marked Exhibit 'A' was filed with the defendant by the Schumacher Commission Company and read as follows: 'PAY YOU TWO TWENTY-FIVE BUY HEAVY.' if you so find, and if you find that defendant, through its agents and employees negligently copied, transmitted and delivered said telegram so that said telegram as received by plaintiff read: 'PAY YOU TWO SEVENTY-FIVE BUY HEAVY.' if you so find, and if you further find from the evidence that plaintiff, relying on said telegram as received by him, purchased 2616 number one rabbits referred to in evidence and delivered said rabbits to the Schumacher Commission Company, if you so find, and if you find from the evidence that the Schumacher Commission Company paid to the plaintiff the sum of $2.25 per dozen for said number one rabbits and refused to pay plaintiff the sum of $2.75 per dozen for said number one rabbits, if you so find, *then and in that event plaintiff would be entitled to recover as damages such sum, if any, as you may find and believe from the evidence the plaintiff sustained as a result of said telegram referred to in evidence being erroneously copied, transmitted and delivered.*"

The criticism is apparently directed to the last lines of the instruction, which we have put in italics for convenience. There can be no dispute that this instruction followed the petition and the evidence. The criticism evidently is based upon appellant's contention that the damages alleged in said petition were special damages in contract and not general damages in tort. This we have held not to be correct and the instruction must be approved.

One of appellant's assignments of error is that the instructions as a whole are conflicting and confusing and tended to confuse the jury on the issue of damages. There does seem to be some conflict between instruction P.G.1, above quoted, and defendant's instruction D.G.4, which was as follows:

"D.G.4. The court instructs the jury that the plaintiff cannot recover in this action for the loss of anticipated profits, that is, what he hoped to gain by selling the rabbits to Schumacher Commission Company for $2.75 per dozen instead of $2.25 per dozen."

We do not find any possible conflict in any other instructions given for defendant. As we regard the record, the verdict is for the

right party and no conflict in the instructions, even if such conflict be found to exist, could possibly change the result. The jury evidently followed instruction P.G.1, even if defendant's given instruction D.G.4 be regarded as in conflict therewith, and this assignment of error is overruled. [Sec. 1228, R. S. Mo. 1939.]

It remains for us to determine whether the damage to plaintiff under the instructions was based on actual loss or was based on anticipated profits. Here the actual price was quoted in the telegram as delivered. The recovery of plaintiff was properly based on the difference between the amount stated in said telegram and what he actually got, a difference of fifty cents per dozen rabbits. As the Commission Company actually paid $490.50, for what it graded as 2116 (218 dozen) number one rabbits, instead of $599.50, the price plaintiff would have received thereof at $2.75 per dozen, the plaintiff sustained a loss of at least $109. The loss was real, not speculative and was not for anticipated profits.

In Kerns & Lorton v. Western Union Telegraph Co., *supra*, it was said: ''The rule that damages for loss of profits are not recoverable is not based on any objection to loss of profits as such. In the cases holding them not recoverable it will be found that it was because they were not susceptible of definite proof. The elements of the loss were so uncertain, contingent and remote as to make the determination of the loss a pure guess. Where the profits depend on the business skill or ability of a person or firm, the state of the weather, the fickle favor of the public, the fluctuations of the market and such like, they are held not recoverable because no definite proof can be obtained whereby the loss can be calculated, not because they are profits. Whenever the items of such loss can be ascertained with reasonable certainty they have been allowed. [Hicks v. National Surety Co., 155 S. W. 71.]''

It follows, that the judgment below, based on such verdict, must be affirmed. It is so ordered. *Smith* and *Fulbright, JJ.,* concur.