# PUBLIC UTILITIES COMPANY *v.* IVERSON.

[No. 23,276. Filed November 26, 1918.]

1. PLEADING.—*Sufficiency.*—*Demurrer.*—Under the liberal rules of pleading as declared in §343a Burns 1914, Acts 1913 p. 850, and approved by modern judicial interpretation, a complaint, though objectionable under §343, cl. 2, Burns 1914, §338 R. S. 1881, requiring a concise statement of facts, etc., will be held good as against a demurrer for want of facts, where from the language used and inferences drawn therefrom the necessary allegations can be fairly gathered. p. 675.

2. STREET RAILROADS. — *Injuries to Persons.*—*Pleading.*—*Complaint.*—*Sufficiency.*—In an action for injuries caused by a collision with a street car, a complaint was not demurrable for want of facts as to negligence, and as to whether negligence, if any, was the proximate cause of the accident, where it alleged in substance: that the plaintiff, when 750 feet from the defendant's car, in a careful manner attempted to drive across the defendant's tracks with a loaded wagon; that the street on which the tracks were laid was unimproved; that the defendant's agents, from said distance and until the accident happened, saw the plaintiff upon and driving across the track and, with knowledge of his perilous position, negligently operated the car down grade at a high, dangerous and uncontrol-

able speed with no method of controlling its speed except by insufficient and defective brakes, causing plaintiff's injury; that, in the absence of such negligence, there was sufficient time for plaintiff to cross in safety; and that such agents knew that, unless the car was operated in a careful manner, it would collide with the defendant's wagon.  pp. 675, 676.

3.  STREET RAILROADS.—*Injuries to Persons.—Contributory Negligence.—Questions for Jury.*—Where the plaintiff, driving a horse and wagon, saw a street car coming down grade toward him at a distance of 750 feet away, his attempt to drive across the track ahead of the car did not make him guilty of contributory negligence as a matter of law.  (*Saylor* v. *Union Traction Co.* [1907], 40 Ind. App. 381, 387, approved.)  pp. 677, 681, 683.

4.  RELEASE. — *Avoidance.* — *Pleading.* — In an action against a street railway company for injuries, in which the defendant set up a release as a defense, the plaintiff's reply alleging that he gave the release two days after the accident while in bed as a result of injuries; that he was unconscious or semiconscious part of the time, under the influence of drugs, weak mentally and physically, and incapable of understanding the release, all of which facts the defendant knew; and that he rescinded the release as soon as he did understand it, sufficiently alleged the plaintiff's mental incapacity and the defendant's knowledge thereof.  p. 678.

5.  PLEADING.—*Conclusions.—Avoidance of Release.*—In an action against a street railway company for injuries, in which the defendant set up a release contract as a defense, a paragraph of reply alleging the plaintiff's incapacity to make the release on one day and that he regained his reason the next day and rescinded the release was not objectionable as being a conclusion as against a demurrer for want of facts, in view of §343a Burns 1914, Acts 1913 p. 850.  pp. 678, 679.

6.  RELEASE. — *Rescission.* — *Grounds.* — A release contract procured from an injured person through fraud, or one executed by such person while mentally incapacitated, the other party having knowledge of his incapacity, may be rescinded *in toto.*  p. 678.

7.  STREET RAILROADS.—*Injuries to Persons.—Rights of Travelers.*—One driving a vehicle across a street upon which street railway tracks are maintained has a right to assume in attempting to cross the tracks that a car will be operated carefully and in due respect for the rights of other vehicles rightfully using such street.  p. 681.

8.  STREET RAILROADS.—*Injuries to Persons.—Instructions.—Evi-*

*dence.*—In an action for injuries caused by a collision with a street car, an instruction was not objectionable on the grounds that there was no evidence to support a statement in it that "If * * * plaintiff placed himself in a place of danger without realizing he was in danger * * *," where there was evidence showing that the car was operated carelessly and negligently and that no other special hazard was apparent to one crossing the tracks, since such evidence was sufficient to permit an inference of the facts contained in such statement. pp. 680, 681.

9. APPEAL. — *Instructions.* — *Review.* — Requested instructions which were fully covered by other instructions given were properly refused. p. 681.

10. TRIAL.—*Instructions.*—*Ignoring Issue.*—*Sufficiency.*— In an action for injuries caused by a collision with a street car, an instruction that if the brake was in good condition, and the motorman as soon as he saw the plaintiff made every effort to stop, but failed to do so, then the plaintiff could not recover, was improper, as failing to consider the alleged negligent high speed of the car. p. 682.

11. TRIAL.—*Instructions.*—*Peremptory.*—*Burden of Proof.* — In an action against a street railroad company for injuries, an instruction enumerating certain facts as necessary for the plaintiff to prove in order to recover was not objectionable as being peremptory, where it merely dealt with the burden assumed by each of the parties. p. 682.

From Gibson Circuit Court; *Simon L. Vandeveer,* Judge.

Action by John Iverson against the Public Utilities Company. From a judgment for the plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Robinson & Stilwell,* for appellant.

*Phil C. Gould* and *Marshall R. Tweedy,* for appellee.

MYERS, J.—This was an action by appellee against appellant for damages on account of personal injuries sustained by reason of the alleged negligence of appellant. From a judgment in favor of appellee appellant prosecutes this appeal and assigns as error the overrul-

ing of its demurrer to the second and third paragraphs of the complaint, the overruling of its demurrer to second and third paragraphs of appellee's reply to appellant's second paragraph of answer, and the overruling of its motion for a new trial.

The first paragraph of the complaint was dismissed. In the preparation of the second paragraph the pleader evidently did not have in mind §343, cl. 2, Burns 1914, §338 R. S. 1881, but, from the language used and the inferences to be drawn therefrom, under the liberal rules of pleading legislatively declared (Acts 1913 p. 850, §343a Burns 1914) and approved by modern judicial interpretation (*Domestic Block Coal Co.* v. *DeArmey* [1913], 179 Ind. 592, 100 N. E. 675, 102 N. E. 99; *Kahle* v. *Crown Oil Co.* [1913], 180 Ind. 131, 100 N. E. 681), both the second and third paragraphs of complaint will be held sufficient as against a demurrer for want of facts.

These paragraphs are challenged on the grounds: (1) That the facts alleged fail to show that appellant at the time and place of the alleged accident was guilty of any negligence; (2) that the facts alleged fail to charge appellant with negligence which was the proximate cause of appellee's injuries; (3) the pleaded facts show appellee guilty of contributory negligence.

From the second paragraph of the complaint it appears that on January 5, 1914, in the city of Evansville, West Franklin street ran east and west and was intersected by Barker avenue running north and south parallel with upper Mt. Vernon road, the first street east and distant about 450 yards. Franklin street between the two streets named was unimproved and its surface at Barker avenue was thirty feet higher than at Mt. Vernon road. In the center of this street appellant maintained a street car track with rails partly projecting above the street surface and over which it

was operating electrically driven street cars. When appellee was about 750 feet east on Franklin street, and appellant's car, which was without adequate brakes to control its speed, was at Barker avenue, he, in a prudent and careful manner and with ample time to have cleared the track but for the negligence of appellant, attempted to drive his horse, hitched to a wagon loaded with coal oil and gasoline, across the car track. That the agents and servants of appellant in charge of the car, during the entire 750 feet, could and did see that appellee was upon and driving across the track, and, knowing of his perilous situation, did negligently and carelessly operate the car down grade at a high, dangerous, and uncontrollable speed with no method of checking or controlling its speed except by insufficient, inadequate, and defective brakes; that said agents operated the car as aforesaid, knowing that unless it was run in a careful manner it would collide with appellee's horse and wagon; that by the exercise of reasonable care appellant's agents and servants could have avoided the accident and injuries to appellee, but instead thereof negligently and carelessly operated the car at a high, dangerous, and uncontrollable speed toward and against appellee's wagon with great force, knocking it off the track and violently throwing appellee therefrom, thereby seriously and permanently injuring him.

The third paragraph is based on the careless and negligent operation of the car whereby it was run upon and against appellee, thereby injuring him.

The facts stated in the complaint, as indicated by the synopsis here given, would certainly fully inform a person of common understanding of the charge he is 2. called to meet. That is all the statute requires.

Certain acts of the servants and agents of appellant are alleged to have been carelessly and negligently done. These acts thus characterized are alleged

to have caused appellee's injuries. He was a traveler upon the street and might rightfully use that portion of the street occupied by the street car tracks, subject to the precedent right of the car company, regulated with due care, to avoid injuring him. Both paragraphs were clearly sufficient to repel the first two objections urged against them. *Indianapolis Street R. Co.* v. *Marschke* (1905), 166 Ind. 490, 77 N. E. 945; *Union Traction Co.* v. *Bowen* (1914), 57 Ind. App. 6C1, 103 N. E. 1096; *Lake Erie, etc., R. Co.* v. *Fike* (1905), 35 Ind. App. 554, 74 N. E. 636; *Ft. Wayne, etc., Traction Co.* v. *Kumb* (1917), 64 Ind. App. 529, 116 N. E. 309; *Indianapolis Southern R. Co.* v. *Tucker* (1912), 51 Ind. App. 480, 98 N. E. 431; *Chicago, etc., R. Co.* v. *Biddinger* (1916), 63 Ind. App. 30, 113 N. E. 1027.

The third objection to each paragraph of the complaint rests upon the theory that appellee saw the car headed toward him when it was 750 feet away, 3. and this fact, coupled with his attempt to drive across the track, makes him guilty of contributory negligence as a matter of law. We do not agree with this contention. As said in the Marschke case, *supra*: "It must not be forgotten that a person driving along a street railroad track in broad daylight has a right, at least in some degree, to indulge in the supposition that if a car is approaching from the rear a proper lookout is being maintained thereon, and that ordinary care not to injure him will be exercised."

In the present case it is shown, among other facts, that had the car been run and operated with ordinary care appellee could have safely crossed the track. This may be true, and if so, then it cannot be said that the act of appellee in attempting to cross the track, under all the circumstances, was not the act of an ordinary, careful, and prudent person. Nor does it follow that all reasonable men would agree that appellee was guilty of

contributory negligence and within the law to bar a recovery on that ground. *Ft. Wayne, etc., Traction Co.* v. *Kumb, supra; Greenawaldt* v. *Lake Shore, etc., R. Co.* (1905), 165 Ind. 219, 74 N. E. 1081; *Evansville R. Co.* v. *Miller* (1916), 64 Ind. App. 206, 111 N. E. 1031.

Appellant answered the complaint by a general denial, and by an affirmative paragraph to the effect that prior to the commencement of this action, for a valuable consideration, appellee, in writing, released appellant from all liability.

Appellee replied in three paragraphs. The first was a general denial. The second proceeded upon the theory that the alleged release was procured by fraud and undue influence exerted over him at the time—two days after receiving his injuries— he being in bed sick, unable to eat or sleep, part of the time unconscious or semiconscious, under the influence of drugs, weak mentally and physically, and unable and incapable of understanding and contracting, all of which facts the agent of appellant, who procured him to sign the alleged release for $35, well knew. It also appears that the consideration for the release was grossly inadequate, and that as soon as he learned what he had done he gave appellant notice that he disaffirmed and rescinded the contract, tendered back the check which appellant refused, and kept his tender good by bringing the check into court for the benefit of appellant.

The third paragraph averred unsoundness of mind and mental incapacity to make the contract of release on January 7, 1914, the date thereof, and on regaining his reason, January 8, 1914, and learning what had been done in the way of signing a release, he immediately notified appellant that he would not be bound by it, and tendered back the check for $35, and kept his tender good by bringing the check

into court and demanded the surrender of the release. A demurrer for want of facts addressed to each of these paragraphs of reply was overruled.

The point made in support of the demurrer to the second paragraph is that at the time the release was signed and delivered the pleaded facts contradict the theory of his mental and physical incapacity for any business. Against the third paragraph it is urged that, as a matter of pleading, the conclusion that a person is of unsound mind one day and restored to reason the next is insufficient. We cannot adopt appellant's theory as to the force of these paragraphs. While we do not incorporate in this opinion the specific averments of fact, yet it will be seen from our conclusions that the release in question belongs to that class of contracts involving capacity to know and assent to its terms. In this case the facts averred in one paragraph show that appellant obtained the release by fraud; and in the other the facts averred show, to the knowledge

6. of appellant, mental incapacity to assent. In either case appellee might elect to rescind the contract *in toto*. *Johnson, Admr.,* v. *Culver, Admr.* (1888), 116 Ind. 278, 19 N. E. 129.. This he did, and tendered back the check. Counsel for appellant seem to construe both paragraphs as relying on mental unsoundness. In our view of the second, mental incapacity of appellee at the time the alleged release was executed is a fact to be considered in determining whether the making of it was induced by fraud. Moreover, conclusions in

5. pleading are to be given full credit as against a demurrer for want of facts. Acts 1913 p. 850, *supra; Domestic Block Coal Co.* v. *DeArmey, supra; Kahle* v. *Crown Oil Co., supra.* There was no error in overruling either of these demurrers.

Appellant, in support of its motion for a new trial, insists that the court erred in giving to the jury instruc-

tions Nos. 9, 10, and 14½ requested by appellee, and in refusing to give instructions Nos. 2, 3, 8, 11, 15, and 16 tendered by appellant, and by giving instructions Nos. 3, 12, 15, and 16 on its own motion.

Referring to the instructions requested by appellee, it is contended that No. 9 is without evidence to support the statement "that plaintiff placed himself in a position of danger without realizing he was in danger." It is quite true that instructions should be pertinent to the case. This instruction reads as follows: "If you should find from the evidence that plaintiff placed himself in a position of danger without realizing he was in danger and as soon as he discovered his danger he used every reasonable means to avoid injury, his negligence would not defeat his recovery if you further find that defendant by the exercise of reasonable care could have avoided the injury."

It appears from the evidence that appellee was driving east on the south side of the track, and on his arrival at a point which pedestrians and vehicles used in crossing the track, he turned north onto the track, intending to cross. At that time the car was at Barker avenue, 750 feet west. The car in charge of a conductor and motorman, after stopping at Barker avenue, was started down the grade toward appellee at a speed described by witnesses as follows: "very fast;" "high speed;" "thirty or forty miles an hour." "The car ran fully a half city block before it could be stopped after the collision." The car was running at "high speed" when it struck the wagon. The rear wheels of the wagon were on the track when it was struck. The distance appellee was thrown was variously estimated at from fifteen to thirty feet.

Appellee had a right to assume when he entered upon the track that the car would be operated as the law requires—carefully, and with due respect for the

7. rights of other vehicles rightfully using the street occupied by the track. The evidence shows, in view of all the circumstances, that the

8. car was run and operated carelessly and negligently, except for which fact no especial hazard was apparent to one in crossing the track at the time appellee attempted to do so. From this state of the record the inference might readily follow "that plaintiff placed himself in a position of danger without realizing he was in danger." The point urged against this instruction is not sustained.

It is next claimed that instruction No. 10 and instruction No. 14 given by the court on its own motion "are inconsistent, and leave the jury in doubt as to the relative rights of appellant and a traveler upon that part of the street occupied by the track." Both instructions pertain to the same subject-matter—the relative rights of the street car company in the operation of its cars and the public to the use of the street occupied by the track. Upon a careful examination of both instructions, we conclude the objection interposed is not well founded.

Instruction No. 14½ is well within the rule announced in the case of *Saylor* v. *Union Traction Co.*

3. (1907), 40 Ind. App. 381, 387, 81 N. E. 94, and was not erroneous.

Looking to the instructions tendered by the appellant and by the court refused, it will be seen that Nos. 2, 3, and 8, concerning the care required of a trav-

9. eler when about to cross street car tracks, is fully covered by appellant's instruction No. 7 given by the court. Instructions Nos. 11 and 16 were directed to the issue formed by the reply to the second paragraph of answer. The principle involved in these instructions, as well as the issue in question, was well and fairly covered by instruction No. 12 tendered by appellant and given, and No. 13 given by the court of its own motion.

Instruction No. 15 refused, in substance, stated that if the jury should find that the hand brake was in good condition, and that as soon as the motorman saw the plaintiff turn upon the track he applied the brake, locked the wheels of the car, and did all he could to stop, but by reason of the proximity of the car to the wagon, was unable to do so in time to avoid the collision, then plaintiff has failed to show any negligence on the part of the defendant that was a proximate cause of the injury, and the verdict should be for the defendant. This instruction did not take into account the issue of negligent speed of the car which furnished a basis, if proved, for a finding in appellee's favor, although the car was properly equipped with a hand brake. It also had a tendency to confuse the jury, when considered with one given which authorized a recovery upon a finding of all or any one of the alleged acts of negligence set forth in the second paragraph of the complaint, providing such acts or act was the proximate cause of the alleged injury.

Referring to the question of instructions given by the court of its own motion, it is insisted that instruction No. 3 is peremptory for the reason that it tells the jury that the plaintiff must prove certain things before he would be entitled to a verdict in his favor. The court by the charge in question was dealing alone with the burden assumed by each of the parties to the issue formed by the general denial to the second and third paragraphs of complaint, and must have been so understood by the jury.

The objection to instruction No. 12 is "that the evidence is undisputed that appellee saw the approaching car when it was 750 feet away"; also that "the concluding part of the instruction imposed a burden upon appellant which did not exist under the undisputed evi-

dence." We have examined the evidence and, 3. while it does not certainly appear that appellee saw the car when it was 750 feet away, but if it be conceded that he did, or that if he did not, and that he should have seen it, the question of whether or not he was guilty of contributory negligence in going upon the track, under all the circumstances of this particular case, was for the jury, and the court was right in so leaving it. *Saylor* v. *Union Traction Co., supra.*

The objection to instruction No. 15—that the court erroneously applied the last clear chance doctrine—is not sustained.

It is claimed that instruction No. 16 is inconsistent with instruction No. 13 given at appellant's request. By comparing these two charges it will be observed that by instruction No. 13 the court was dealing with the hand brake as being sufficient, and by No. 16 as if insufficient to control the speed of the car. We find no inconsistency in these instructions nor any reason why the jury should have been misled by them.

It is also insisted that the verdict of the jury is not sustained by sufficient evidence. Under this specification appellant earnestly insists that appellee must be held guilty of contributory negligence in going upon the track when he knew the position of the car. The finding of the jury is well sustained by the evidence.

It is next claimed that the damages are excessive. We are not persuaded that the reason assigned—the unsatisfactory nature of the evidence as to the extent of appellee's injuries—would warrant us in disturbing the judgment.

From the whole record we are of the opinion that a fair trial was had, and the judgment should stand.

Judgment affirmed.

NOTE.—Reported in 121 N. E. 33. See under (3) 36 Cyc 1628; (7) 36 Cyc 1544. Effect of releasor's mental incapacity upon release of claim for personal injuries, 3 Ann. Cas. 574, 34 Cyc 1054, 1094.