GREAT EASTERN CASUALTY COMPANY v. COLLINS.

[No. 10,243. Filed February 17, 1920. Rehearing denied April 22, 1920.]

1. INSURANCE. — *Accident Insurance.* — *Avoidance of Policy.* — *Fraudulent Representations.*—Where applicant stated in his application for an accident insurance policy that he had never received indemnity for any accident or sickness from any other company, when at the time he made such representation he had received indemnity a number of times from other companies, such statement was such a false and fraudulent representation as to avoid the policy. p. 210.

2. INSURANCE.—*Accident Insurance.*—*Avoidance of Policy.*— *Fraudulent Representations.*—*Return of Premiums.*—Where insured stated in his application for an accident insurance policy that he had never received such indemnity, when in fact he had received such indemnity a number of times, and the insurance company, prior to discovery of such fraud, had paid insured indemnity in excess of premiums paid, the insurer could avoid the policy without tendering back the premiums received by it. pp. 210, 211.

3.. INSURANCE.—*Policy Obtained by Fraud.*—*Right of Insurer to Recover Indemnity Paid.*—Fraud in obtaining an insurance policy, or fraudulent representations to obtain money thereon, will base a claim of the insurer for the return of the money, if it did not have knowledge of the fraud at the time of payment.   p. 211.

From Floyd Circuit Court; *John M. Paris,* Judge.

Action by Harry A. Collins against the Great Eastern Casualty Company.   From a judgment for plaintiff, the defendant appeals.   *Reversed.*

*Charles L. Jewett, Walter V. Bulleit* and *Harry E. Jewett,* for appellant.
*Stotsenburg & Weathers,* for appellee.

NICHOLS, C. J.—This action, by appellee against appellant, was on an accident insurance policy, issued July 24, 1916, by appellant to appellee.   The policy, together with the application therefor, was made a part of the complaint.   To the complaint appellant answered in two paragraphs, the first being a general denial, and the second averring in substance:   That the policy was issued upon a consideration of $4, and a premium of $2 per month, and a written application in which appellee agreed as follows:

"I hereby apply for a policy to be based upon the following representations of fact.   I understand and agree that the right to recovery under any policy which may be issued upon the basis of this application shall be barred in the event that any one of the following statements, material either to the acceptance of the risk or the hazard assumed by the company is false."

That among the representations of fact appellee represented as follows:

"I have never received indemnity for any accident or sickness except as follows:   No exceptions."

That in truth and in fact appellee had received, prior

to the making and signing of said application, money benefits and indemnities from accidents, among others, the following:

From Illinois Commercial Men's Association: March, 1914, $42.86; August, 1914, $50.00; April, 1915, $46.42; June, 1916, $37.50. From United Commercial Travelers, $35.10; from Middle States Indemnity Co., $60.00.

That therefore appellee's warranty that he had never received indemnity for any accident before making application for the policy sued on was false, but that appellant had no knowledge of the falsity of such statement, but believed the same to be true and relied thereon, and was thereby deceived and induced to issue such policy, which it would not have issued but for such false representation. That appellant did not discover the falsity of such representations made by appellee in such application until the —— day of February, 1917, and thereupon appellant canceled such policy, refused to continue the same, or to receive any further monthly premiums of $2 provided for in said policy. That the entire amount paid by appellee to appellant for fees and premiums was the $4 policy fee, and $2 per month for six months after the issue of the policy, in all, $16; that prior to the discovery of appellee's fraud and the cancellation of the policy appellee claimed indemnity for a slight injury in the month of August, 1916, which claim was allowed and $16.67 paid to appellee by appellant on account of said injury, said sum being sixty-seven cents in excess of the amount of the fees and premiums which appellant would be required to return to appellee upon the cancellation of said policy because of appellee's fraud in securing the same.

Appellee demurred to the second paragraph of answer, with memorandum, which demurrer was sustained. Thereupon appellant withdrew its general denial, and

stood upon such second paragraph of answer, and judgment was rendered thereon in favor of appellee in the sum of $227.05. Appellee presents a number of technical objections to the second paragraph of answer, but under the liberal rules of pleading declared by Acts 1913 p. 850, §343a Burns 1914, and approved by the courts, there being no motion to make more specific, we hold the answer sufficient as to such objections. See *Public Utilities Co.* v. *Iverson* (1918), 187 Ind. 672, 121 N. E. 33.

It cannot be questioned that appellee's representation in his application that he had received no indemnity from any other company when, at the time he

1. made such representation, he had received indemnity at least six times, was such a false and fraudulent representation as to avoid the policy.

2. Certainly appellant would not have issued the policy involved had it been informed that appellee was so careless of his own personal safety. Without knowledge of the fraud that had been perpetrated, appellant had paid appellee an indemnity for his seventh injury in the sum of $16.67. At the time of receiving this indemnity, appellee knew of the fraud that he had perpetrated which had induced the issuing of the policy, and that he had no right to the money which he had received. As soon as appellant discovered the fraud, it canceled the policy and refused to receive any further premiums. In order to avoid liability under the policy, was it bound to return the $16 fees and premiums that it had received? We are not unmindful of the rule in this state, so well established that we do not need to cite authorities, that in order to avoid liability there must be a seasonable and prompt tendering back of premiums received. But in this case appellee's fraudulent purpose is so manifest that we cannot permit him to retain the fruits of his fraudulent acts. Appellee at the time had

$16.67 of appellant's money. In 2 May, Insurance (4th ed.) §575, it is stated that fraud in obtaining the policy or fraudulent representations to obtain the money thereon will base a claim of the company for the return of the money, if it did not have knowledge of such fraud at the time of the payment, citing *Nat. Life Ins. Co.* v. *Minch* (1873), 53 N. Y. 144, which authority fully sustains the principle. To the same effect is *Centennial Mut. Life Assn.* v. *Parham* (1891), 80 Tex. 518, 16 S. W. 316. See, also, *Rome Grocery Co.* v. *Greenwich Ins. Co.* (1900), 110 Ga. 618, 36 S. E. 63. Under these authorities, appellant was entitled to a recovery of the $16.67 from appellee which was more than enough to reimburse him for premiums paid. The law, as well as equity and good conscience, does not require appellant to return the premiums where appellee was appellant's debtor for more than the amount thereof.

The judgment is reversed, with instruction to the trial court to overrule the demurrer to the second paragraph of answer, and for further proceedings.