**AMERICAN STANDARD INS. CO.,**
**Appellant (Defendant Below),**

v.

**Anthony C. DURHAM, Appellee**
**(Plaintiff Below).**

No. 2–678A208.

Court of Appeals of Indiana,
Second District.

April 28, 1980.
Rehearing Denied July 22, 1980.

W. Brent Threlkeld and George E. Martz, Martz, Threlkeld & Duncan, Indianapolis, for appellant.

Michael R. Franceschini and David F. McNamar, Steers, Sullivan, McNamar & Rogers, Indianapolis, for appellee.

BUCHANAN, Chief Judge.

## STATEMENT OF CASE

American Standard Insurance Company (American Standard) appeals the trial court's judgment for Anthony C. Durham (Durham) under an automobile insurance policy, claiming the trial court erred in giving two instructions concerning tender of premiums, in refusing to give two instructions concerning a "counterclaim," and in awarding punitive damages.

We reverse.

## FACTS

The basic facts needed for this opinion are simple.

Pursuant to an application by Durham, American Standard issued an automobile insurance policy in March, 1975, covering a 1969 Corvette owned by Durham. In April, 1975, Durham traded that car for a 1973 Corvette. A new application was prepared, and Durham was subsequently issued an insurance policy on the 1973 automobile.

In the fall of 1975, Durham was involved in an accident which resulted in damage to both his car and a telephone pole. American Standard paid a $2,300 claim under the policy for the damage sustained in the accident.

On January 12, 1976, Durham's 1973 Corvette was stolen from in front of his apartment. The theft was reported to the Indianapolis Police Department that night, and the next morning Durham reported the loss to his insurance agent.

American Standard investigated the claim, but neither provided a rental car for Durham nor paid for the loss.

On March 25, 1976, Durham filed suit for breach of contract. Durham asked for the value of the car and for punitive damages. American Standard in its amended answer set up an affirmative defense that Durham had made material misrepresentations in his application for the policy and sought rescission. On January 17, 1978, American Standard deposited $180 with the trial court, representing a single premium paid by Durham on January 8, 1976. It was undisputed that the total premiums paid by Durham were less than the prior claim paid to Durham under the policy.

The major factual dispute between the parties revolved around Durham's applications for insurance. The applications stated that Durham had been convicted for bank robbery, but no *other* convictions were mentioned. Durham asserted that he told American Standard's agent, Ron Klasse, about his entire criminal record—which included petit larceny, robbery of a federal credit union, and leaving the scene of an accident, as well as bank robbery. Despite this information, Klasse prepared the application and included only the robbery conviction.

American Standard's position was that Durham did not inform the insurance agent of the extent of his criminal record. Furthermore, there was testimony that the insurance company would not have accepted Durham's application had the full extent of his criminal record been set forth.

Following a jury trial, a verdict was returned in favor of Durham for $16,900.

American Standard appeals.

## ISSUES

As we reverse, we need address only a single issue:

Did the trial court err in giving two instructions requiring full tender of premiums to entitle American Standard to rescind the policy on grounds of misrepresentation?

*PARTIES' CONTENTIONS*—American Standard asserts that the instructions on

tender were erroneous because the company had previously paid out a claim on the policy which exceeded the amount of premiums it had received; in the event of a rescission, it would be Durham who would have to pay money to the company in order to return the parties to the position they were in before the contract.

Durham contends that such a tender of premiums is always required when the insurance company seeks to rescind.

## DECISION

■ *CONCLUSION*—A tender of premiums by an insurance company is not required in order to rescind a policy if the company has already paid claims under the policy in excess of the premiums paid in.

The challenged instructions are:

## PLAINTIFF'S TENDERED INSTRUCTION NO. 1

## COURT'S FINAL INSTRUCTION NO. ———

A tender of money, to be sufficient, must first be offered to the party entitled to receive it, or to some one authorized to receive it for him, and, if refused, the money must then be paid into court for his use and benefit.

## PLAINTIFF'S INSTRUCTION NO. 4

An insurer may rescind a policy of insurance for fraud, false representations, or breach of a material condition. An insurer desiring to rescind an insurance policy must take proper steps to exercise its election, and it must give prompt notice of its election to rescind. In order to rescind an insurance policy, the insurer must tender back or offer to restore the premiums received within a reasonable time after it has acquired knowledge of the facts relied on for a recision [sic].

■ The function of contract rescission is to restore the parties to their pre-contract position, that is, the status quo. *Gary National Bank v. Crown Life Ins. Co.* (1979), Ind.App., 392 N.E.2d 1180. It is therefore

basic that a party seeking rescission must return all consideration or benefits received under the contract. *Smeekens v. Bertrand* (1974), 262 Ind. 50, 311 N.E.2d 431; *Blaising v. Mills* (1978), Ind.App., 374 N.E.2d 1166; *Berry-Jefferson Corporation v. Gross* (1977), Ind.App., 358 N.E.2d 757.

■ This means that when an insurance company seeks to rescind a policy on the grounds of a material misrepresentation in an application, generally it must first make a tender of the full amount of premiums paid under the policy. This is to restore the parties to the position they were in prior to the contract by returning the consideration the insurance company has received. *Prudential Ins. Co. v. Smith* (1952), 231 Ind. 403, 108 N.E.2d 61; *Gary National Bank v. Crown Life Insurance Company, supra.*

■ Although infrequent, there is an exception to this rule. It is conveniently summarized in 6 *Couch on Insurance* (2d ed. 1961) § 34:35 at 779:

Notwithstanding the general rule that, in order to avoid liability on a policy there must be a prompt tender of premiums, such a tender is not necessary where . . . the insurer has paid a claim thereon which is greater in amount than the premiums paid.

*See also Appleman, Insurance Law & Practice* (Burdal Ed.1979) § 1832.

Though not cited by the parties, directly on point is a 60 year old Indiana case, *Great Eastern Casualty Co. v. Collins* (1920), 73 Ind.App. 207, 126 N.E. 86. Collins sued Great Eastern for failure to pay on an insurance policy. As a defense, Great Eastern asserted a material misrepresentation in the policy application, entitling the company to a rescission of the contract. Over the six months the policy had been in effect, Collins had paid $16 in premiums, but had received $16.67 on a previous claim. The single issue presented on appeal was whether the issue of rescission was properly raised even though Great Eastern did not tender the premiums into the trial court.

On appeal, this court held that when an insurance company has already paid out

more in claims than had been paid in premiums, there is no need to tender premiums into the court. The court summarized:

> We are not unmindful of the rule in this state, so well established that we do not need to cite authorities, that in order to avoid liability there must be a seasonable and prompt tendering back of premiums received. . . . [But] the law, as well as equity and good conscience, does not require appellant to return the premiums where appellee was appellant's debtor for more than the amount thereof.

73 Ind.App. at 210–11, 126 N.E. at 87.

The trial court's tender instructions were erroneous.

We reverse and remand for a new trial.

SHIELDS and SULLIVAN, JJ., concur.