Nena N. GUTTING, Plaintiff–Appellant,

v.

**SHELTER MUTUAL INSURANCE COMPANY, Defendant–Respondent.**

No. 19696.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 12, 1995.

Brad J. Fisher, Carol T. Aiken, Woolsey, Fisher, Whiteaker & McDonald, Springfield, for appellant.

Russell F. Watters, T. Michael Ward, David P. Bub, Brown & James, P.C., St. Louis, for respondent.

FLANIGAN, Judge.

Plaintiff Nena Gutting brought this action against defendant Shelter Mutual Insurance Company, seeking recovery under a Homeowners Insurance Policy which defendant issued to her on February 5, 1985. The policy contained coverage for losses to plaintiff's dwelling and personal property caused by fire, and for "additional living expenses" if a covered loss made all or part of the "residence premises" uninhabitable.

The policy was issued pursuant to an application filled out by plaintiff on January 18, 1985. On March 25, 1985, fire destroyed the residence and most of its contents. On January 15, 1986, defendant wrote plaintiff a letter denying her claim. The letter stated that the policy was void, based upon plaintiff's failure to disclose prior insurance claims in the application.

The denial letter also included the following:

"The total amount of premium paid by you, plus 10 percent to date, is $189.84. Normally, this amount would be refunded to you. However, as you know, we made an advance payment in the amount of $2,500 shortly after the loss. Shelter Mutual is entitled to reimbursement for that payment, less the premium refund. Therefore, we ask for your check in the amount of $2,310.16 payable to Shelter Mutual Insurance Company."

Plaintiff's petition sought recovery of $90,000 for destruction of the dwelling, $49,500 for destruction of personal property, and damages and attorney fees pursuant to § 375.420[1] for defendant's vexatious refusal to pay plaintiff's losses.

Defendant's answer pleaded that plaintiff made misrepresentations in her application for insurance, that the policy would not have been issued if the true facts had been known to defendant, that the representations in the application were false and material, and that defendant exercised its right "to rescind and void the policy."

Plaintiff's reply alleged that defendant waived its right to deny coverage and was estopped to deny coverage because defendant failed to refund plaintiff's premium.

The case was tried to a jury, which returned a verdict in favor of defendant. Plaintiff appeals.

■ Plaintiff's sole point is that defendant was estopped to deny coverage and to claim that the policy was void, and the trial court erred in ruling otherwise, because defendant failed to return plaintiff's premium. Plaintiff raised and preserved this point by appropriate motions in the trial court.

In response, defendant contends that the judgment should be affirmed because: (a) "Missouri law does not require an insurer to return premiums to an insured, such as plaintiff, who obtains a policy of insurance by fraud as a precondition for voiding the policy," and (b) in any event, defendant returned the premium in the form of a credit or offset against the advance payment made to plaintiff, and defendant is not required to return the premium where it has made payments to the insured in excess of the premium.

Among the instructions given to the jury were Instruction 8, plaintiff's verdict-director, and Instruction 10, a defense instruction. Instruction 8 told the jury that the verdict must be for plaintiff if the jury believed that defendant issued the policy on plaintiff's residence covering loss due to fire, the property was damaged by fire, and the policy was in force on the date of the loss, "[u]nless you believe plaintiff is not entitled to recover by reason of [Instruction 10]."

Instruction 10 told the jury that the verdict must be for defendant if the jury believed that plaintiff, in applying for the policy, intentionally misrepresented the fact that plaintiff had had prior losses, the misrepresentation was material, and plaintiff in so misrepresenting such fact intended to deceive defendant.

On this appeal, plaintiff does not challenge the sufficiency of the evidence to warrant the giving of Instruction 10. Plaintiff's position is that defendant's failure to return the premium estops defendant from relying upon the facts hypothesized in Instruction 10.

Missouri cases conflict on the question of whether an insurer, claiming that a policy is void *ab initio* by reason of the insured's fraud in submitting the application, must return or tender the premium to the insured in order to raise such a defense.

In *Goffe v. National Surety Co.*, 321 Mo. 140, 9 S.W.2d 929 (1928), the court said, 9 S.W.2d at 933[1]:

"The rule appears to be established in this state that, if an insurance company or bonding company desires to place itself in a position to make the defense that the policy or bond was not in force and effect from the beginning, it is its duty to tender back to assured the premiums paid by him within a reasonable time after the discovery of the facts upon which it intends to base such defense."

In addition to *Goffe*, cases holding, or containing language to the effect, that failure to make such return or tender estops the insurer from raising such defense, include: *State v. Trimble*, 323 Mo. 458, 20 S.W.2d 46, 50[3] (Mo.1929); *Block v. United States Fidelity & Guaranty Co.*, 316 Mo. 278, 290 S.W. 429, 436[7] (Mo.banc 1926); *H & H Manufacturing Co. v. Cimarron Insurance Co.*, 302 S.W.2d 39, 43–44[6] (Mo.App.1957); *Cox v. Owensville Mut. Ben. Aid Ass'n*, 185 S.W.2d 28, 31[5] (Mo.App.1945); *Gosnell v. Camden Fire Ins. Ass'n of Camden, N.J.*, 109 S.W.2d 59, 65–66[5] (Mo.App.1937); *Jurkiewicz v. Millers' Nat. Ins. Co. of Chicago, Ill.*, 229

1. All references to statutes are to RSMo 1994, V.A.M.S.

Mo.App. 262, 76 S.W.2d 721, 723–724[5] (1934); *Morrison v. Fidelity–Phenix Fire Ins. Co.*, 71 S.W.2d 816, 819[2, 3] (Mo.App. 1934); *Williams v. Connecticut Fire Ins. Co.*, 47 S.W.2d 207, 209[4] (Mo.App.1932); *Avery v. Mechanics' Ins. Co. of Philadelphia*, 295 S.W. 509, 513[8] (Mo.App.1927); *Marsden v. Williams*, 282 S.W. 478, 479[1] (Mo.App. 1926); *Carroll v. Union Marine Ins. Co.*, 249 S.W. 691, 692[4] (Mo.App.1923); *Caldwell v. City of New York Ins. Co.*, 245 S.W. 602, 605[6, 7] (Mo.App.1922); *Manning v. Connecticut Fire Ins. Co.*, 176 Mo.App. 678, 159 S.W. 750, 752[2, 4] (Mo.App.1913). See also *Hudspeth v. Zorn*, 292 S.W.2d 271, 275–276[8] (Mo.1956).

On the other hand, the following Missouri cases hold, or contain language to the effect, that return or tender of the premium is not necessary in order for the insurer to deny coverage on the ground that the insured committed fraud in the application: *Schwab v. Brotherhood of American Yeomen*, 305 Mo. 148, 264 S.W. 690, 692[4] (1924); *State v. Trimble*, 292 Mo. 371, 239 S.W. 467, 468–470[4, 5] (Mo.banc 1922); *State v. Reynolds*, 287 Mo. 169, 229 S.W. 1057, 1058[1] (Mo.banc 1921); *Horn v. Farmers' Mut. Ins. Co.*, 79 S.W.2d 531, 535[3] (Mo.App.1935); *Thomas v. American Automobile Underwriters' Agency*, 5 S.W.2d 660, 661[1] (Mo.App.1928); *Montgomery v. Security Benefit Ass'n*, 289 S.W. 672, 674[4] (Mo.App.1927); *Meyer Dairy Equipment Co. v. Connecticut Fire Ins. Co.*, 287 S.W. 663 (Mo.App.1926); *Taylor v. Security Ben. Ass'n of Topeka, Kan.*, 270 S.W. 132, 135[4] (Mo.App.1925).

In contending that repayment of the premium was not required, defendant, in its excellent brief, relies upon the second group of cases. It is unnecessary to rule on the merits of that contention because the premium was, in effect, returned to plaintiff.

Plaintiff's counsel, in his opening statement, conceded that defendant "did advance $2,500 for costs or living expenses." In her testimony, plaintiff admitted receiving the $2,500 payment.

Plaintiff introduced into evidence the denial letter of January 15, 1986, and did not question the accuracy of the statement in the letter that "[t]he total amount of premium paid by you, plus 10 percent to date, is $189.84." The declaration page of the policy, introduced into evidence by plaintiff, showed the total premium received was $173.50.

The following authorities hold that where an insurer has paid money to an insured under a policy which is subsequently rescinded because of the insured's fraud in applying for the policy, and the amount paid exceeds the premium received, the insurer has a right of offset, and return of the premium is not a condition precedent to rescission. *Borden v. Paul Revere Life Ins. Co.*, 935 F.2d 370, 379–380[10, 11] (1st Cir.1991); *Cass Bank & Trust Co. v. National Indemnity Co.*, 326 F.2d 308, 312–313[6] (8th Cir.1964); *American Standard Ins. Co. v. Durham*, 403 N.E.2d 879, 881–882[1, 4] (Ind.App.1980); *Great Eastern Cas. Co. v. Collins*, 73 Ind. App. 207, 126 N.E. 86, 87[2] (1920); *Mincho v. Bankers' Life Ins. Co.*, 129 A.D. 332, 113 N.Y.S. 346, 348[2] (1908); 6 *Couch on Insurance, 2d* § 34.35, at 892–893 (1985); 3A *J. Appleman, Insurance Law & Practice* § 1832 (1967).

In *Cass Bank & Trust Co.*, a case based on Missouri law, the court said, at 312–313[5, 6]:

"Plaintiff insists that defendant has waived its right to declare the policy void ab initio by failing to refund or tender the premium paid by the plaintiff. The general rule is that a tender back of completely unearned premium is a prerequisite to the maintenance of a defense that a policy is void. Ordinarily, this is necessary to restore the status quo. Here the trial court's finding that the defendant had paid plaintiff more than enough is supported by substantial evidence.... Defendant, before discovery of the breach and without knowledge of its valid defense to such claim, had previously paid an earlier collision loss claim under its policy, the amount of such payment being considerably in excess of the amount of the premium paid. Under such circumstances, we believe the court was warranted in finding that no further payment on the part of the defendant was required to restore the status quo. The provision for restoration of the status quo is an equitable provision. No controlling decision on the point here

urged is cited by either party. Under the peculiar factual situation above recited, we believe the trial court reached a permissible conclusion on Missouri law in holding that the tender of the additional payment to the insured was not a prerequisite to the assertions of its defense that the policy was void ab initio." (citation omitted).

In *Borden,* the court said, at 379[10, 11]:

"To be sure, the general rule is that when an insurer ventures to rescind a policy on the basis of a material misrepresentation in the application, it must first tender to the insured the premiums paid under the policy. The function of rescission, after all, is to restore the status quo ante—a feat which will customarily involve returning the consideration originally paid. But the rule—like most rules—is not without its exceptions. We think it is good law that, when an insurer has paid a claim to an insured under a policy which is subsequently rescinded by reason of the insured's knowingly false application, and the monies paid are in excess of the premiums received, the insurer has a right of offset; hence, return of the premium is not a condition precedent to rescission. A contrary rule—requiring an insurer which has already overpaid a scalawag insured to throw good money after bad in order to set aside a policy obtained by the insured's deceit—would make no sense." (citations omitted).

This court holds that where, as here, the insurer has paid money to the insured under the policy which is subsequently rescinded by reason of the insured's knowingly false application, and the money paid exceeds the premium received by the insurer, the insurer has a right of offset, and return of the premium is not a condition precedent to rescission. Under the facts here, defendant was not estopped to deny coverage and to claim that the policy was void.

The judgment is affirmed.

MONTGOMERY, P.J., and GARRISON, J., concur.