## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 28 2020, 10:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

William D. Beyers
Thomas C. Buchanan
Buchanan & Bruggenschmidt, P.C.
Zionsville, Indiana

ATTORNEYS FOR APPELLEE

Jan N. Campbell
John M. Mead
Leeuw Oberlies & Campbell, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Frankie Marcum, *Appellant-Plaintiff,* | July 28, 2020 |
| | Court of Appeals Case No. 20A-PL-853 |
| v. | Appeal from the Henry Circuit Court |
| United Farm Family Mutual Insurance Co., *Appellee-Defendant* | The Honorable Bob A. Witham, Judge |
| | Trial Court Cause No. 33C01-1802-PL-7 |

**Baker, Judge.**

Frankie Marcum appeals from the trial court's order entering summary judgment in favor of United Farm Family Mutual Insurance Company (Farm Bureau). We affirm and remand with instructions.

On July 11, 2017, Marcum submitted an application to Farm Bureau for homeowner's insurance. Part of the application asks, "[H]as anyone in the applicant's household been convicted, arrested, or is waiting final disposition of a felony?" Appellant's App. Vol. II p. 34. Marcum answered, "No." *Id.* Farm Bureau issued a Homeowners Policy (the Policy) to Marcum with effective dates of coverage from July 2017 to July 2018.

On November 21, 2017, Marcum's home was damaged by fire. She filed a claim under the Policy. As part of the claims process, Farm Bureau conducted a background investigation of Marcum and learned that in April 2015, Marcum pleaded guilty to Level 6 felony theft, meaning that she had lied on her application. Had Farm Bureau been aware of this information, it would not have issued the Policy. On December 14, 2017, Farm Bureau sent correspondence to Marcum advising her that it had decided to rescind the Policy based on her material misrepresentation and would provide no coverage for the fire damage. It also sent correspondence to Marcum's mortgage company notifying it of the decision to rescind the Policy and refunding the Policy premium to the mortgage company.

On February 6, 2018, Marcum filed a complaint against Farm Bureau, alleging that Farm Bureau had breached the terms of the Policy. She did not attach the

Policy itself as an exhibit to the complaint. On September 20, 2019, Farm Bureau filed a motion for summary judgment, arguing that it was entitled to judgment as a matter of law because it rightfully rescinded the Policy. The trial court summarily granted summary judgment in favor of Farm Bureau on February 10, 2020. Marcum now appeals.

[5] Our standard of review on summary judgment is well established:

> We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).

[6] Our Supreme Court has held that "a material misrepresentation or omission of fact in an insurance application, relied on by the insurer in issuing the policy, renders the coverage voidable at the insurance company's option." *Colonial Penn Ins. Co. v. Guzorek*, 690 N.E.2d 664, 672 (Ind. 1997). "A representation is 'material' if the fact omitted or misstated, if truly stated, might reasonably have influenced the insurer in deciding whether to reject or accept the risk or charge a higher premium." *Fricke v. Gray*, 705 N.E.2d 1027, 1032 (Ind. Ct. App. 1999).

To support rescission, the insurer must establish that the representation in the application was (1) false and (2) material. *Id.*

[7] In this case, it is undisputed that on her coverage application, Marcum stated that no one in her household had been convicted or arrested for a felony. It is likewise undisputed that this representation was false; Marcum had been convicted of a felony in 2015. Finally, it is undisputed that Farm Bureau would not have offered coverage had Marcum answered the question honestly. Consequently, Farm Bureau is entitled, as a matter of law, to rescind the Policy, and the trial court did not err by granting summary judgment in Farm Bureau's favor.

[8] Marcum argues that Farm Bureau is not entitled to relief because it did not attach the Policy as an exhibit to its summary judgment motion. We note that had Marcum cared so much about the terms of the Policy, she would have complied with Indiana Trial Rule 9.2(A) by attaching it to her complaint. We will not hold her failure to do so against Farm Bureau. We likewise note that in this particular case, the terms of the Policy itself are not relevant to the evaluation of Farm Bureau's claim for rescission; therefore, its absence in the record is of no moment.

[9] Marcum also notes that rescission is permissible only if the insurer returns the premiums paid under the policy so that the parties are returned to the position they were in prior to the contract. *Am. Standard Ins. Co. v. Durham*, 403 N.E.2d 879, 881 (Ind. Ct. App. 1980). In this case, Farm Bureau returned the policy

premium, but it returned the premium to the mortgage company rather than to Marcum. Marcum argues that the premium "must be sent to the policyholder," reply br. p. 5, but she is wrong—the premium must be returned to the person or entity who actually paid it. Here, the record does not reveal whether Marcum or her mortgage company paid the premium. Therefore, we remand with instructions to the trial court to determine who paid the premium and to whom it should be returned.

[10] The judgment of the trial court is affirmed and remanded with instructions to conduct further proceedings to determine who is entitled to the premium payment refund.

Bailey, J., and Vaidik, J., concur.